(129 So. 96)

## MESSER v. STATE.

### 3 Div. 651.

Court of Appeals of Alabama.
March 4, 1930.

Rehearing Denied May 27, 1930.

Farmer, Merrill & Farmer, of Dothan, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The evidence in this case disclosed, without dispute, that the automobile of H. E. Douville, the injured party named in the indictment, was stolen from in front of his apartment, where it had been parked on Perry street in the city of Montgomery. The theft of the car occurred on the night of December 28, 1928. The evidence also shows, without conflict, that this appellant was in possession of this stolen car a day or two after it had been stolen, and that the motor number of the car had been changed from its original number 355815–A, to 350840. On the trial of this case this appellant testified, "I bought this car from Claude McLain. He lives in Montgomery. I bought it after twelve o'clock at night at my home in Dothan and paid him $150.00 for it." The car in question was practically a new car having been in use only seven weeks at the time it was stolen, and the evidence shows that the owner had paid $667.06 for it.

This accused having admittedly been in possession of this stolen automobile within a day or two after it had been stolen, the duty rested upon him of explaining his possession thereof. The law in this state is: The recent possession of stolen goods imposes upon the possessor the onus of explaining the possession, and, if he fails to make a reasonable explanation, it raises a presumption of guilt which will support a verdict of conviction. Jordan v. State, 17 Ala. App. 575, 576, 87 So. 433.

The corpus delicti having been proven as aforesaid, likewise the possession by this appellant of this recently stolen car also proven without conflict, the controlling question for the jury to determine from the evidence was whether or not his explanation of his possession was a reasonable one. In this connection the jury was called upon to consider the fact that this accused admitted he purchased this car in the middle of the night from a purported seller by the name of Claude McLain who he stated lived in Montgomery where the car was stolen, and where this case was tried, and that the price paid for the automobile was admittedly wholly out of proportion to its real value. They were also

'called upon to consider the reason'ableness of defendant's testimony wherein he stated: "Claude McLain lived here in Montgomery. He has not been summoned as a witness. I knew what I was charged with when I came up here. I knew I had gotten the car from McLain"—and other of his evidence of like import.

The court properly refused the affirmative charge. Several exceptions were reserved during the trial to the court's rulings on the admission of evidence. We do not regard either of these rulings as prejudicial error; nor do we think that any of the rulings complained of had the effect of diverting the jury from rendering a true and correct verdict upon the issue of fact all of which was practically without dispute. The jury decided, and we think properly so, that the defendant failed to satisfactorily explain his possession of the recently stolen property, and having so failed, after being allowed every opportunity by the court to do so, the principle of law hereinabove announced applied directly. Appellant was accorded a fair and impartial trial.

The judgment is affirmed.

Affirmed:

## On Rehearing.

The bill of exceptions shows that the defendants made known to the court (when entering upon the trial) that there were three defendants to be jointly tried, and insisted and requested the court to allow *each* defendant to strike *two* jurors, after the solicitor had first stricken one from the list of jurors. The court overruled this insistence and denied the request, and defendant excepted. The court intimated that the three defendants jointly should strike two jurors, and the state one. No further effort appears to have been made by the defendants to avail themselves of the number of strikes allowed by the statute by offering or attempting to strike more than two jurors for the defendants. The insistence that each of the three defendants to be jointly tried were entitled to two strikes each, making six strikes for the defendants to one for the state, cannot be sustained. By express terms of the statute when two or more persons are tried jointly, the solicitor shall strike one and each defendant shall have the right to strike off one name and they shall continue thus to strike off names until only twelve remain, and the twelve thus selected shall be the jury charged with the trial of the defendants. Section 8642, Code 1923.

Application overruled.