162 So. 133

### ROGERS v. STATE.

### 7 Div. 107.

Court of Appeals of Alabama.

Feb. 5, 1935.

Rehearing Denied April 30, 1935.

Scott & Dawson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of buying, receiving, concealing, etc., stolen property (Code 1923, § 4912) of a value that caused the punishment prescribed to be that for the offense of grand larceny (Code 1923, § 4905). His said punishment was fixed at imprisonment in the penitentiary for an indeterminate term of from eight to ten years.

"Where the evidence, though proving the larceny, does not connect him with its commission, tending to fix the guilt of it upon another, and he has the recent possession of the goods, if he makes no reasonable explanation of the possession, the same presumption should be applied which would be applied if the possession had remained with the first taker. There is no unfairness in the presumption; it is reasonable. The receiver can as readily explain how and from whom he acquired possession as could the first taker; the explanation which would be reasonable, removing the presumption in the one case, would have the same effect in the other." Martin v. State, 104 Ala. 71, 16 So. 82, quoted by Bricken, P. J., in the opinion for this court in Jordan v. State, 17 Ala. App. 575, 87 So. 433, 434.

The "presumption" above is that referred to in the following quotation from the opinion of this court, also by Bricken, P. J., in the case of Messer v. State, 23 Ala. App. 536, 129 So. 96, to wit: "The recent possession of stolen goods imposes upon the possessor the onus of explaining the possession, and, if he fails to make a reasonable explanation, it raises a presumption of guilt which will support a verdict of conviction."

We may quote, and adopt as our own, as being in all respects applicable here, language from the opinion in the case of Jordan v. State, supra, which is as follows, to wit: "In the instant case it was undisputed that the defendant was found in the recent possession of stolen goods. This being true, the settled rule of law in this state imposed upon the defendant the onus of explaining his possession, and, if he failed to make a reasonable explanation, a presumption of guilt arises [arose] which will support a verdict of conviction. Necessarily these questions were for the determination of the jury."

It remains only to be said that we are of the opinion that the jury's verdict was not opposed to the great weight of the evidence.

The judgment of conviction is affirmed. Affirmed.