21 So.2d 577

### BRYAN v. STATE.

#### 4 Div. 856.

Court of Appeals of Alabama.

Feb. 27, 1945.

Rehearing Denied March 27, 1945.

E. O. Baldwin, of Andalusia, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of a violation of the terms of Code 1940, Title 14, Section 338, the pertinent ones of which are as follows, to-wit: "Any person who buys, receives, conceals, or aids in concealing any personal property whatever, knowing that it has been stolen, or having reasonable grounds for believing that it has been stolen, and not having the intent to restore it to the owner, shall, on conviction, be punished as if he had stolen it; * * *."

The specific property involved here was "one cow"; and, of course, having been convicted, appellant was properly sentenced as for "grand larceny", Code 1940, Title 14, Section 331; and his punishment was without error fixed at imprisonment in the penitentiary for the term of four years.

It was without dispute that a cow was stolen from one Joel Nichols. Said cow was later discovered in the pasture and possession of one Russell; who stated that he bought her from appellant. In fact, appellant admitted that he sold the cow to Russell; stating, in turn, that he, appellant, bought the cow from two boys, who had her on a rope, going along the highway.

We have been furnished with elaborate briefs, both on behalf of appellant and the State. But we can not see the necessity nor propriety of our writing so very much.

It is of course the law that the recent possession of stolen goods imposes upon the possessor the onus of explaining the possession, and, if he fails to make a reasonable explanation, it raises a presumption of guilt which will support a verdict of conviction. Rogers v. State 26 Ala.App. 409, 162 So. 133, certiorari denied Id., 230 Ala. 504, 162 So. 134. That about covers the situation here.

It is not controverted that the cow in question was stolen from Joel Nichols— not far from the home of appellant. It is without dispute that appellant had the "recent possession"—in fact, we believe it can be inferred he acquired it the same day she was stolen—of said cow.

It then devolved on him to "explain his possession." Rogers v. State, supra. This he undertook to do by saying—as his counsel quotes him—"that he bought the cow in question from two boys, one claimed that his name was Bradley and the other Medos; that at the time he bought the cow, he took a bill of sale from the boys and they told him their names were W. C. Bradley and O. C. Medos."

Appellant had never seen the boys before; they were going along the highway with the cow "on leash," so to speak; they were not found where they told appellant (as he says) they lived; and the "bill of sale" he says he took from them was later—after the cow's owner discovered her—"changed" by appellant.

The whole circumstances—which we have merely herein sketched—made a "jury question," as to whether or not the appellant made a "reasonable explanation" of his "recent possession" of the cow, or as to whether or not in acquiring her possession he acted as one "having reasonable grounds for believing that she had been stolen." (It is quite evident he had no "intent to restore it (her) to the owner," until after the owner had discovered her for himself.)

In short, the issue of appellant's guilt vel non was, under the evidence,

strictly for the jury. The learned trial court so submitted it, under instructions which we think full, clear, and correct.

If any refused charge had merit, as we believe we will be understood, the substance of same, in principle at least, was fully covered by and included in the oral charge of the court, certainly, together with the several written charges given at appellant's request.

No exception reserved on the taking of testimony is to a ruling that was not, patently, either correct or innocuous. We will not expatiate.

Neither was there other prejudicially erroneous ruling made on the trial of the case below. And the judgment of conviction must be affirmed.

It is so ordered.

Affirmed.