42 So.2d 494

## HOLMES v. STATE.
### 4 Div. 93.

Court of Appeals of Alabama.
April 19, 1949.

Rehearing Denied May 10, 1949.

A. R. Powell, Jr., of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was indicted, tried, and convicted for the offense of grand larceny.

The indictment originally contained a count charging receiving stolen property. This count was nol prossed at the request of the State.

Without dispute in the evidence Mr. Proctor's Chevrolet car was stolen while it was parked on the streets of Andalusia, Alabama. Within a day or two subsequently the accused carried the automobile to a secondhand car dealer in the city of Montgomery and there attempted to sell it. Incident to the sale some suspicious circumstances arose, and the dealer phoned the State Highway Patrol office to ascertain whether or not a car of that description had been reported stolen. While awaiting the arrival of the officers, the appellant made an unsuccessful effort to absent himself by jumping through a closed glass window. He was detained until the officers arrived and was there taken into custody.

Counsel in brief pressed two questions as a basis for a reversal of the judgment of the nisi prius court. We agree that these include the only matters for review which are of material concern.

It appears that during the negotiations to sell the stolen car, the defendant furnished the car dealer with a license tag receipt which had been recently received at the probate office in Montgomery. The appellant also signed a bill of sale which was prepared by the proposed purchaser. The sale was not finally consummated because of the indicated interruptions.

Mr. Proctor came to Montgomery and claimed the car. He testified that it was the same automobile that was stolen a few nights prior.

■ Over the objections of appellant's counsel the court allowed the introduction of the receipt and the purported bill of sale. We are clear to the conclusion that no prejudicial error can be here charged. The matter related to what transpired during the time the accused was attempting to dispose of the stolen property.

The defendant gave the assumed name of Fred Locklin. This misnomer appeared on both of the instruments in question.

If we should be forced to the conclusion that because of the exactness of the rule of evidence the documents were not properly identified, we would still be compelled to hold that it was error without injury to allow their introduction. It related to incidental matters which at most were only cumulative of undisputed facts. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Coplon v. State, 15 Ala.App. 331, 73 So. 225; Stallings v. State, 249 Ala. 1, 32 So.2d 233; Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

It is also urged that the evidence is not sufficient to sustain a conviction for grand larceny and on this account the general affirmative charge was due the accused.

Without conflict in the evidence the car in question was stolen and it was found in the possession of the appellant a day or two later, at which time he was attempting to dispose of the property. Unquestionably the circumstances surrounding his efforts to sell the car were unusual and pointed strongly to his guilt.

In any event he did not testify nor offer any evidence which in any manner tended to explain his possession.

■ The lower court properly denied the appellant's request for the general affirmative charge. Messer v. State, 23 Ala. App. 536, 129 So. 96; Bell v. State, 23 Ala. App. 355, 125 So. 901.

The judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.