# Neal and Hicks *v.* The State.

## Indictment for Burglary.

1. *Indictment; when insufficient.*—An indictment under 3596 of the Revised Code, which charges a burglarious entering into a shop or store of a third person, "in which goods, wares and merchandise and other valuable things were kept for use, sale or deposit," &c., is defective. The valuable things should be described, and averred to be of value.

2. *Witness; when may speak of paper, without producing it.*—On a trial for burglary, witnesses may state in explanation of their conduct in going to defendant's house, that they had a search-warrant, without producing it, or accounting for its non-production.

30

3. *Stolen property; recent and unexplained possession of; what evidence of.*
—The recent and unexplained possession by the defendant; of goods stolen
from a house at the time it was burglariously entered, is evidence upon
which the jury may convict of burglary; and a charge that these facts raise
a presumption that the defendant stole the goods, but not that he committed
the burglary, is properly refused.

APPEAL from the Circuit Court of Baldwin.

Tried before Hon. HARRY T. TOULMIN.

Appellants were convicted of burglary upon an indict-
ment which charged that they "broke into and entered the
shop or store of Henry G. Rodgerson, in which goods, mer-
chandise or other valuable things were kept for use, sale or
deposit, with intent to steal," &c. On the trial, the court
allowed a witness for the State to testify, that seeing tracks
near the store leading in the direction of the houses of de-
fendants, who lived near each other, he obtained a search-
warrant, and on entering Neal's house, some of the property
stolen at the time of the burglary was found in it. The de-
fendant objected to this testimony, on the ground that the
search-warrant had not been produced, or its absence ac-
counted for; but the court overruled the objection, and per-
mitted the witness to testify. Hicks admitted that he broke
into the store and stole the property found, but denied that
Neal was in any way concerned in the burglary. Neal also
denied all participation in the matter, but did not explain
how the goods came into his possession. Upon this evidence
the court charged the jury, "that if they found from the
evidence that the store was broken into and entered, and the
goods in question were stolen therefrom, and if Neal was a
short time afterwards found in possession of them, and such
possession was unexplained, it was evidence of guilt." To
this charge the defendant Neal excepted. Neal then asked
the following charge: "That the recent possession of stolen
property, unexplained, raises the presumption that the person
in possession is the thief, but it raises no presumption that
he broke into a store or shop with intent to steal." The
court refused to give the charge, and defendant excepted.

The insufficiency of the indictment, and the charges given
and refused, are here assigned as error.

ALEXANDER MCKINSTRY, for appellant.

JOHN W. A. SANFORD, contra.

BRICKELL, C. J.—The indictment not specifying the
valuable things kept in the shop or storehouse for sale, use

or deposit, and that such things were of value, is insufficient to support the judgment of conviction, under the authority of *Norris & Coleman* v. *State*, 50 Ala. 126; *Ike Robinson* v. *State*; *Jasper Webb* v. *State*, June term, 1875; *Danner* v. *State*, present term.

There was no necessity for the production of the search-warrant. It was collateral to the matters in issue, and was adverted to by the witnesses merely as explanatory of their conduct in entering into the house of the defendant.

In the charges of the court, and in the refusals to charge as requested, there was no error. The possession of goods, recently after a burglary, which were stolen in the commission of the offense, devolves on the possessor the *onus* of explaining the possession, if he would neutralize the unfavorable presumption the law raises. Because of the insufficiency of the indictment, the judgment must be reversed and the cause remanded. The prisoners will remain in custody until discharged by due course of law.