# Cooper *v.* The State.

*Indictment for Burglary.*

1.  *Recent possession of stolen goods; flight* —The possession of a part of the stolen goods, recently after a larceny or burglary, imposes on the party the *onus* of explaining how he acquired them; and being unexplained, in connection with proof of attempted flight when arrested for the offense, would authorize a conviction for the offense.

FROM the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

The indictment in this case was found in October, 1885, and charged that the defendant, John Cooper, "with intent to steal, broke into and entered the store of W. W. Brame, in which goods or merchandise was kept for use, sale, or deposit." "On the trial," as the bill of exceptions states, "the evidence on the part of the State tended to show that the store of W. W. Brame, in which goods were kept for sale, was broken into and entered one Saturday night in the summer of 1885, and goods stolen from it; that one J. H. Duran, on Tuesday following, being in search of the persons suspected of the burglary, saw the defendant at a distance of two or three hundred yards, heard some one say *Run*, and

saw the defendant running off; that one Hill pursued and overtook him, attempted to arrest him, and told him it was for breaking into Mr. Brame's store; that the defendant then ran off again, but was pursued and arrested by Hill; that Hill found upon his person, at the time of his arrest, a new pocket-knife, and a pair of socks in his pocket; and said Brame identified said articles as his property, and a part of the goods stolen from his store on the night of the burglary. The evidence for the State tended to show, also, that about a sack-ful of goods, consisting of various articles, were stolen from the store on the night of the burglary, the greater part of which was found in the possession of other persons than the defendant. This being substantially all the evidence, the court charged the jury, among other things, that if they believed from the evidence the burglary was committed in Shelby county, within three years before the finding of the indictment, and that goods were also stolen from the house at the time of the burglary, and that the defendant was found in the possession of a part of the goods recently after the commission of the burglary; this would cast on him the burden of explaining his possession of them. To this charge the defendant excepted, and requested the following charges in writing: (1.) 'If the jury believe the evidence, they will find the defendant not guilty.' (2.) 'The defendant is not required to account to the satisfaction of the jury for his possession of the goods, although the jury may believe that they were stolen.' The court refused each of these charges, and the defendant excepted to the refusal of each."

W. L. CARY, and A. P. LONGSHORE, for appellant.

W. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—There is no error in the charge given by the court, nor in the refusals to charge as requested by the defendant. The burglary was committed on Saturday night, and the defendant was arrested on the following Tuesday, at which time some of the articles stolen were found in his possession. His attempted flight, upon being informed of the offense of which he was accused by the person who was endeavoring to arrest him, and his recent possession of some of the stolen articles, were facts sufficient to authorize the inference that he was guilty of the burglary with which he was charged. Though the court might have declared, as

matter of law, that the possession was recent, its recency was submitted to the jury. Without charging upon the effect of the evidence, the court instructed the jury, if the defendant, recently after the commission of the. burglary, was found in the possession of a part of the goods stolen, this would cast on him the burden of explaining his possession. The settled rule in this State is, that the possession of goods, recently after a larceny or burglary, which were stolen in the commission of the offense, imposes on the possessor the *onus* of explaining his possession, if he would repel the inference of complicity in the crime. Defendant offered no explanation whatever. The sufficiency of the evidence to satisfy the jury of defendant's guilt beyond a reasonable doubt was submitted to them. The charge did not invade their province.—*Neal v. State*, 53 Ala. 465; *Ross v. State*, 82 Ala. 65; *Dodson v. State*, 86 Ala. 60.

Affirmed.