(114 So. 801)

**TOLLESON et al. v. JACKSON.**
(7 Div. 733.)

Supreme Court of Alabama.   Dec. 15, 1927.

**1. Arrest ⊙═63(4)—Officer, reasonably believing certain person committed felony by theft of certain articles, may lawfully make arrest without warrant; "probable cause" (Code 1923, § 3263).**

Where theft of certain articles constitutes a felony, under Code 1923, § 3263, officer having reasonable grounds for believing and believing that certain person stole such articles or received them from a third person, knowing they had been stolen, may lawfully make arrest without a warrant, since such circumstance constitutes "probable cause" for arrest.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Probable Cause.]

**2. Arrest ⊙═63(4)—Presumption of guilt arising from unexplained possession of recently stolen property justifies arrest.**

Presumption of guilt arising from unexplained possession of recently stolen property constitutes, as a matter of law, a sufficient basis for arresting officer's conclusion of guilt, and hence serves as a justification for making the arrest, in that it supplies the element of probable cause, and such conclusion of guilt rests on the actual failure and not the abstract inability of accused person to give a reasonable explanation.

**3. Evidence ⊙═121(15)—Conversation pertinent to arrest at time of making thereof held admissible as res gestæ in action for alleged false imprisonment.**

In action for an alleged false imprisonment based on plaintiff's arrest by defendant acting in official capacity as chief of police, testimony,

as to what was said by arresting officer at time of arrest, together with replies of accused so far as pertinent to arrest and its incidents, *held* admissible as res gestæ.

**4. False imprisonment ⊚⇒23—Testimony of searching house after arrest on accused's insistence held inadmissible in action for false imprisonment.**

In action for an alleged false imprisonment based on plaintiff's arrest by defendant acting in official capacity, testimony as to search of plaintiff's house after his arrest on his own insistence *held* inadmissible as irrelevant so far as damages were concerned and incompetent as tending to show consciousness of innocence.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action by Oscar Jackson against G. W. Tolleson and another. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Statement by Somerville, J.:

The action is for an alleged false imprisonment, based upon plaintiff's arrest by the defendant Tolleson, acting in his official capacity as chief of police of the town of Piedmont. Tolleson's official bondsman, the American Surety Company, is made a codefendant.

Tolleson was informed by one Dr. Sparks that some one had stolen from his car, while in his garage, a rim, tire, and tube; within a few days one Barlow informed him that plaintiff, Jackson, had been in his shop or garage trying to sell him a tire of the same description, and told him to see Jackson. He went to Jackson's home, where, according to defendant's witnesses, he saw Jackson, and told him what he was hunting for, and Jackson said he had no casing except on his own car, and denied knowing anything about the stolen tire. Jackson's little stepson then spoke up and told of some tires sold by Jackson to one Buttram, and said the rim was in the barn. The rim was found there by the officers, and was identified as Dr. Sparks' property. Jackson then claimed that he found the rim with the tire one afternoon in the public road, and sold the tire to one Buttram, telling him if any one called for it he would have to come back and get it.

In his general oral charge, the trial judge said to the jury:

"The recent possession of stolen property in this state is a circumstance, and the unexplained possession, unexplained recent possession, of stolen property in this state may be sufficient to convict a man of larceny, or in this case a felony. When a person is found in the possession of property recently stolen, it casts upon him the duty of explaining that possession, and, if he fails to satisfactorily explain that possession, may support a conviction, and may be a circumstance against him in a crim-

inal case before a jury as to his guilt. Now the question presented here on that question of explanation, however, for you to determine is whether or not Mr. Jackson had the opportunity to explain, and if you feel that Mr. Jackson under this testimony did not have the opportunity to explain, and for that reason did not explain it, of course his failure to explain would not be a circumstance against him. But the fact that he was found in the possession of property recently stolen, as I stated to you, is a circumstance against him."

At defendant's request, charge 3 was given, as follows:

"(3) The court charges the jury that, if you believe from the evidence that the plaintiff was found in possession of one automobile rim, one automobile casing, and one automobile inner tube, which had recently been stolen from H. O. Sparks, and that plaintiff did not and could not give a satisfactory explanation of his possession of said property, then the defendant G. W. Tolleson was authorized to infer that he was guilty of the larceny of said property."

Also charge 4, as follows:

"(4) The court charges the jury that the recent and unexplained possession of stolen property may be sufficient evidence upon which to authorize a conviction of the person in possession of said property."

Charge 17, refused to defendants, is as follows:

"(17) The court charges the jury that, if you believe from the evidence that the plaintiff was found in the recent possession of one automobile rim, one automobile casing, and one automobile inner tube, the personal property of H. O. Sparks, and that said property was stolen in November, immediately prior to the time in which plaintiff was arrested in the following December, and that the plaintiff did not make a reasonable explanation of his possession of said property to the defendant G. W. Tolleson at the time of his arrest, the defendant Tolleson had reasonable cause to believe that the plaintiff had committed said offense."

On the same predicate of facts defendants requested instructions (charges 6 and 9) that Tolleson "was authorized to infer that he (plaintiff) was guilty"; (charge 7) "that the law presumes that the plaintiff was guilty"; (charge 8) that Tolleson "was authorized to arrest him"; and (charge 10) that the "verdict should be in favor of the defendants." Each of these charges was separately refused.

Assignments relating to rulings on the evidence are sufficiently referred to in the opinion.

Plaintiff had a verdict for $50, with judgment, and defendants appeal.

Merrill, Field & Allen, of Anniston, for appellants.

What took place at the time of the arrest should not have been admitted; much of it

being of a self-serving nature, and the remainder being for the purpose of prejudicing defendant's case. 4 Michie's Ala. Dig. 182; 6 Michie's Ala. Dig. 68. Recent possession of stolen goods imposes on the possessor the onus of explaining the possession, and, if he fails to do so, it raises a presumption of guilt. Martin v. State, 104 Ala. 71, 16 So. 82; Cooper v. State, 87 Ala. 135, 6 So. 303; Malachi v. State, 89 Ala. 134, 8 So. 104; Shepperd v. State, 94 Ala. 102, 10 So. 663; Orr v. State, 107 Ala. 35, 18 So. 142.

Charles F. Douglas, of Anniston, for appellee.

Brief did not reach the Reporter.

SOMERVILLE, J. [1] If the defendant Tolleson had reasonable grounds for believing, and did believe that the plaintiff Jackson stole the rim and tire in question from the owner, or received it from a third person, knowing it had been stolen, and with no intention to return it to the owner, there existed probable cause for arresting Jackson, and the arrest was not unlawful, though made without a warrant; the theft in question being a felony. Section 3263, Code of 1923; Rich v. McInerny, 103 Ala. 345, 354, 15 So. 663, 49 Am. St. Rep. 32.

"It is the settled law of this state that the recent possession of stolen goods imposes on the possessor the onus of explaining the possession; and, if he fails to make a reasonable explanation, raises a presumption of guilt, which will support a verdict of conviction." Martin v. State, 104 Ala. 71, 78, 16 So. 82, 85; Cooper v. State, 87 Ala. 135, 6 So. 303; Malachi v. State, 89 Ala. 134, 8 So. 104; Orr v. State, 107 Ala. 35, 39, 18 So. 142; Boyd v. State, 150 Ala. 101, 105, 43 So. 204.

While, as held by our decisions, the unexplained possession of recently stolen property —there being a failure to make a reasonable explanation after being properly called upon to do so—will authorize a presumption that the possessor either stole it himself, or received it from the thief, with knowledge that it had been stolen; yet the issue of guilt beyond a reasonable doubt must be submitted to the jury as a question of fact. Orr v. State, supra.

[2] But the presumption of guilt under those circumstances is, as a matter of law, a sufficient basis for an arresting officer's conclusion of guilt, and hence will serve as a justification for making the arrest. It in fact supplies the element of probable cause, and renders the arrest both reasonable and lawful. Sperier v. Ott, 6 Orleans App. 327; Wilson v. King, 39 N. Y. Super. 384.

Refused charges 6, 8, 9, and 17, are all grounded on this proposition, and each as-

serts and applies a correct principle of law. The error of their refusal is not cured by any other instruction given to the jury fairly covering the principle and its application. The nearest approach is in charge numbered 3, given at defendants' request, the equivalence of which is, however, destroyed by the double condition there predicated that plaintiff did not and *could not* give a satisfactory explanation of his possession. The officer's conclusion of guilt would rest on the actual failure, and not the abstract inability, of the accused person to give a reasonable explanation.

[3] The assignments of error present for review some fifty or sixty rulings on the evidence. Most of these are without merit, and none of them, as we view the case, had any influence upon the verdict. In general, all that was said by the arresting officer at the time of making the arrest, together with the replies of the accused, so far as such conversation was pertinent to the arrest and its incidents, was admissible in evidence as res gestæ. Rich v. McInerny, 103 Ala. 345, 356, 15 So. 663, 49 Am. St. Rep. 32.

[4] If, as plaintiff testified, his house was searched after his arrest upon his own insistence, the fact of the search was irrelevant, so far as damages were concerned; nor was it competent evidence for plaintiff, as tending to show a consciousness of innocence on his part. Evidence of such a search should have been excluded.

Other questions of evidence are not of sufficient importance to justify discussion.

Let the judgment be reversed and the cause remanded for another trial.

Reversed and remanded.

All the Justices concur.