162 So. 134

## ROGERS v. STATE.
### 7 Div. 331.

Supreme Court of Alabama.
June 6, 1935.

Haralson & Son and Scott & Dawson, all of Fort Payne, and W. C. Rayburn, of Guntersville, for petitioner.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

KNIGHT, Justice.

Petition by Toombs Rogers for writ of certiorari to Court of Appeals to review and revise the opinion and judgment of that court in the case of Rogers v. State, 162 So. 133.

Much of the brief of counsel for petitioner is devoted to a discussion of the evidence in the case.

We have uniformly held that we will not review the record to determine whether the Court of Appeals has correctly found and stated the facts in the case. We will not disturb its finding of facts, but will only review the opinion to determine whether the court has properly applied the law of the case to the facts as found by it. Home Ins. Co. v. Pettit, 225 Ala. 487, 143 So. 839; Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674; Lancaster v. State, 214 Ala. 2, 106 So. 617; Fairbanks, Morse & Co. v. Dees et al., 220 Ala. 41, 126 So. 624.

The only reference to the evidence in the case found in the opinion of the Court of Appeals is: "It remains only to be said that we are of the opinion that the jury's verdict was not opposed to the great weight of the evidence." This was tantamount to

saying that there was not only evidence in the case from which the jury could draw the conclusion that the defendant was guilty of the offense charged, but also that the conviction was not opposed to the great weight of the evidence.

The principles of law announced by the Court of Appeals are sound, and abundantly supported by the decisions of this court.

█ It has been consistently held in this state that the recent possession of stolen property casts on the defendant the onus of explaining his possession, and, if he fails to make a reasonable explanation, a presumption of guilt arises which will support a conviction. The same rule is applicable where the offense charged is as here. Boyd v. State, 150 Ala. 101, 43 So. 204; Tolleson v. Jackson, 217 Ala. 66, 114 So. 801; Orr v. State, 107 Ala. 35, 39, 18 So. 142; Cooper v. State, 87 Ala. 135, 6 So. 303; Malachi v. State, 89 Ala. 134, 8 So. 104; Martin v. State, 104 Ala. 71, 78, 16 So. 82, 85.

█ The opinion of the Court of Appeals discloses no ruling by that court on admission or exclusion of testimony, and, therefore, whether the question propounded by defendant's attorney to the defendant, when testifying in his own behalf, called for competent and legal evidence, is not before us for determination, and cannot be considered under our uniform ruling.

It follows that the writ of certiorari prayed for must be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.