60 So.2d 261

**COATS v. STATE.**

**8 Div. 615.**

Supreme Court of Alabama.

June 19, 1952.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the petition.

Harold T. Pounders, Florence, opposed.

**LIVINGSTON, Chief Justice.**

It is our view that the dissenting opinion recognizes the correct interpretation of the question here involved. Appellant was on trial for a criminal charge of having in his possession a still suitable for use in the manufacture of prohibited liquor (not to be exact in this statement of the charge).

The statute, Title 29, § 132, Code of Alabama, 1940, provides that the *unexplained* possession of any part of such an appliance is prima facie evidence of a violation of that statute. The statement of the solicitor by reason of which the Court of Appeals reversed the judgment of conviction was in the nature of an inquiry of the jury in his argument as follows: "Has his possession of that part of the still been explained to you sufficiently?"

On account of the trial court's charge to the jury in sustaining defendant's objection to the aforesaid inquiry it was considered by the Court of Appeals that the solicitor's inquiry was a comment concerning the defendant's failure to testify and, therefore, it was reversible error for the court to deny a motion for a new trial on account of that inquiry by the solicitor notwithstanding the fact that the court sustained the motion of

defendant to exclude it from the jury. The court was explicit in explaining to the jury that no comment should be made with respect to the failure of the defendant to testify.

The Act of June 23, 1949, Acts 1949, p. 150, undertook to amend Title 15, § 305, of the 1940 Code, which prohibits the solicitor from commenting on the failure of the defendant to testify, and is to the effect that if he does make any such comment a new trial must be granted on motion filed within thirty days of the entry of the judgment.

■ For the purposes of this case, we think it is unnecessary to consider the effect of that amendment. This is for the reason that we think the comment quoted above is not such as is prohibited by law.

Attention is called to that feature of Title 29, § 132, supra, which makes the *unexplained* possession of any part of such a still prima facie evidence of a violation of law. Section 305, as amended must be construed in pari materia with section 132, supra. There are several situations in legal procedure whereby the defendant in a criminal case must explain them to be consistent with his innocence, and sometimes the law places upon the defendant the burden of proving some defense when the law itself puts such burden upon the defendant as when he pleads not guilty by reason of insanity. It has never been supposed that such legal requirement infringes any constitutional right of the defendant. The burden of proof on the State is legal not constitutional and is subject to change by law.

This theory is illustrated in the law of larceny, as follows: "the 'unexplained' recent possession of stolen property that authorizes the inference of guilt. Whether the explanation offered is credible or satisfactory is a question for the jury." Orr v. State, 107 Ala. 35, 18 So. 142, 143. It is sometimes stated that such unexplained possession is prima facie evidence of guilt, and it is very often stated that the unexplained possession of recently stolen goods raises a presumption of guilt. But in the Orr case it was observed that the safest rule, and that of the best considered cases, is to leave it to the jury to say whether the

unexplained possession of goods recently stolen satisfies them of the guilt of the defendant. It seems that care has not been taken in all the cases to differentiate a presumption of guilt arising from that situation and an inference which the jury is justified in drawing on account of it. But that question is immaterial here.

It is sufficient to say that if goods which are shown to have been recently stolen are found in the possession of the defendant, that circumstance, if unexplained creates an unfavorable result and justifies his conviction by the jury. It has never been supposed, so far as shown by the cases which we have examined, that when the circumstances are proven from which such inference may be drawn, the State solicitor is not privileged to comment before the jury on the fact that such recent possession of stolen goods has not been explained by the testimony. It is of course immaterial whether that explanation is given by his own testimony or by that of others; but it is material that no explanation has been made or, if one has been made, whether it is satisfactory to the jury. We have many cases in this state which refer to that situation, and which we cite in addition to that of Orr v. State, supra: Martin v. State, 104 Ala. 71, 16 So. 82; Cooper v. State, 87 Ala. 135, 6 So. 303; Malachi v. State, 89 Ala. 134, 8 So. 104; Boyd v. State, 150 Ala. 101, 43 So. 204; Tolleson v. Jackson, 217 Ala. 66, 114 So. 801; Underwood v. State, 72 Ala. 220.

■ We regard that situation as being practically the same so far as here material as obtains with respect to a violation of Title 29, § 132, supra, which not only justifies an inference of a violation of the statute by the unexplained possession of the article, but also provides that it shall be prima facie evidence of its violation. We know of no constitutional right which such a statute infringes.

So that, if the evidence in this case showed the possession by defendant of articles referred to in section 132, supra, it was not only within the province of the solicitor to call attention of the jury to the fact that such possession was unexplained, but the

408

court itself would have the right to charge the jury that such unexplained possession was prima facie evidence of guilt. Shepperd v. State, 94 Ala. 102(6), 10 So. 663.

It is our view, therefore, that the solicitor was within his legal right in this case in asking the jury in substance and effect whether or not the defendant's possession of a part of a still had been explained to them sufficiently. We think it is unnecessary to consider further questions that present themselves in respect to this situation because we think the foregoing is determinative of it and is in line with the discussion of it made in the dissenting opinion with which we agree.

The judgment of the Court of Appeals is therefore reversed and the cause remanded to that court.

Reversed and remanded.

All the Justices concur.