258 So.2d 62

**Cecil E. CHADWICK, alias**

**v.**

**STATE.**

**5 Div. 52.**

Court of Criminal Appeals of Alabama.

Feb. 8, 1972.

Maye & Melton, Opelika, for appellant.

William J. Baxley, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant appealed from a conviction of grand larceny in the Circuit Court of Lee County, with a sentence of five years in the penitentiary.

At the trial he did not request the affirmative charge nor move to exclude the evidence. But he did file a motion for a new trial after the verdict, which the court overruled.

Several grounds of the motion challenge the sufficiency of the evidence to support the verdict of guilty, which presents this matter for our consideration. Matthews v. State, 21 Ala.App. 181, 106 So. 390; Mims v. State, 23 Ala.App. 94, 121 Ala. App. 446.

The evidence offered by the state, although largely circumstantial, is, in our opinion, sufficiently potent and strong to support the verdict. We have reached this conclusion, after a careful study of the record in the light of the governing rules of procedure.

The court refused three written charges requested by the appellant. The rules embodied in these charges were explicitly and fully covered by the oral charge

of the court, and, therefore, no error appears in this respect.

The appellant argues in brief that the court was in error in refusing to allow him to explain certain evidence offered by the state of articles in his car and possession when he was arrested. In support of his argument, he cites the familiar rule of law that where a matter has been gone into by one party to a cause, the other party has a right to explain away anything if he can, that may have been brought out to his detriment. Johnson v. State, 265 Ala. 360, 91 So.2d 476; Smothers v. State, 39 Ala. App. 292, 98 So.2d 66. It will be noted that the evidence which the court refused to allow the defendant to explain his possession in Johnson and Smothers, supra, was detrimental to defendant and had been gone into by the state.

In the case at bar, when the appellant was arrested, the state offered testimony that in addition to the stolen cash register, with its contents of money, bills and miscellaneous items, he had with him in his car some luggage and tools. The appellant contends he was not allowed to show how the luggage and tools got into his car, nor that he had money on his person before he left Phenix City on the night the cash register was apparently stolen. But the record shows that Sophie Chadwick, appellant's mother, testified as his witness as follows:

"Q. Was any luggage put in the car there?"

"A. Yes, sir."

She was speaking of what occurred when appellant left her house a short while before the alleged crime. The court sustained objection to a similar question as to tools being put in the car there on the grounds the question, asked by appellant's attorney, was leading. However, we do not think any evidence, with regard to tools being in the car, was detrimental to appellant and, therefore, not controlled by the above and foregoing noted authorities.

Count 1 of the indictment charged the larceny of a cash register and count 2 charged the larceny of certain money. We think the appellant had a right to show whether he had money before the time of the alleged larceny, but this he was allowed to do, as shown by the record. On direct examination, he was asked "Where did you proceed after you left your house there with Mr. Taylor driving?" He answered: "We went four tenths of a mile to Summerville Road to the Piggly Wiggly store and I stopped and cashed a check for $34.00, a government check." After the answer, the district attorney objected and the attorney for appellant is quoted as saying: "Well, I don't insist on that." We see no error here. The appellant further contends the court erred in charging the jury orally in effect that the unexplained possession of recently stolen property is a circumstance from which our law permits a jury to infer that the defendant is guilty of stealing it. He contends the rule is in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, and cites the well known cases of Miranda v. Arizona, and Young v. Florida, 203 So.2d 650, decided by the District Court of Appeals of Florida, Fourth District.

The case of Young v. Florida, supra, does hold that the giving of a charge embodying this principle under the facts of that case was error. (The ruling being based upon a footnote to Miranda.) The facts in *Young*, supra, dealt with the failure of the defendant to answer questions under custodial examination by officers and this case is not an apt authority here.

Whatever may be the rule in some other jurisdiction, the appellate courts of Alabama have long recognized and upheld this rule. Wiggins v. State, 31 Ala.App. 50, 12 So.2d 756; Roley v. State, 39 Ala.App. 408, 103 So.2d 829, cert. den., 267 Ala. 697, 102 So.2d 831. We distinguish Hale v. State, 45 Ala.App. 97, 225 So.2d 787.

At the end of the charge the attorney for the appellant excepted to the use

**532**

of the word "conclude" in his charge by the court in charging on the principle, instead of the word "infer." The court withdrew the word "conclude" from his charge and substituted the word "infer." At this time, the attorney announced that he was satisfied with the charge. Therefore, he cannot raise any objection at this time to the oral charge. In order to do so, exception must be taken at the trial before the jury retires.

We have responded to the matters raised in brief for appellant and have searched the record for error as required by the Statute. No reversible error appears and the case is affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON, and TYSON, JJ., concur.