259 So.2d 304

**Lee REED, alias**

v.

**STATE.**

**I Div. 221.**

Court of Criminal Appeals of Alabama.

March 7, 1972.

Charles H. Erwin, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment charged grand larceny and buying, receiving etc., stolen property.

Appellant was convicted of the offense of buying, receiving, concealing or aiding in concealing stolen property, etc.

In his oral charge the court instructed the jury:

"If you are convinced beyond all reasonable doubt by the evidence that the property was stolen and further that the defendant was in possession of the property then the defendant has the burden of going forward with the evidence and explaining his possession of the property. This pertains to the charge of receiving and concealing stolen property and the reasonableness of his explanation is for you to determine in passing on the question of his guilt or innocence. If you determine that his explanation is reasonable, then of course the defendant should be acquitted but if you determine that his explanation is not reasonable, then you would be authorized to infer that the defendant knew that the property was stolen and that he did not intend to return it to the owner. Again this does not mean that the burden of proving the guilt of the defendant beyond all reasonable doubt is removed from the State. That is an area of law that I wanted to go into with you."

The defendant reserved an exception to this portion of the charge.

In Boyd v. State, 150 Ala. 101, 43 So. 204, where the charge was receiving, etc., stolen property, the court said:

"The burden of proof is on the state, on the issue of larceny vel non, to establish beyond a reasonable doubt that the property involved was taken or appropriated animo furandi, which includes a taking or appropriation without the consent of the owner. * * * The recent possession of stolen property casts on the defendant the onus of explaining his possession, and, if he fails to make a reasonable explanation, a presumption of guilt arises which will support a conviction."

The earlier cases used the word "presumption" in this connection, but later cases hold the correct term is "inference of guilt." Hale v. State, 45 Ala.App. 97, 225 So.2d 787; Coats v. State, 257 Ala. 406, 60 So.2d 261.

The trial judge's charge appears to have been derived from the language of the cases cited but what was said in those cases in our opinion was merely stated in holding the verdict of the jury to have been supported by sufficient evidence and was not intended to be given as an instruction to the jury.

In Haynes v. State, 45 Ala.App. 31, 222 So.2d 183, we reversed because the court gave this charge:

> "Now, gentlemen, it is the settled law of this state that the recent possession of stolen property, that is, possession shortly after the property is stolen, imposes on the possessor the onus, or burden, of making a reasonable explanation of his possession, and, if he fails to make a reasonable explanation of his possession that would be sufficient to support a conviction."

In United States v. Allegrucci, 258 F.2d 70 (3 Cr.) the court condemned the instruction by the trial court, that "possession of recently stolen goods casts upon those holding them the burden of explaining their possession and a jury may infer guilty knowledge of the theft in the absence of explanatory facts and circumstances consistent with innocence," because it was couched in terms of "burden" on the defendant, even when "it is joined with an entirely proper phrasing in terms of inference." See United States v. Lefkowitz, 284 F.2d 310 (2 Cir. 1960).

In *Lefkowitz*, supra, the trial court gave the identical charge as that condemned in *Allegrucci*. After having deliberated for some time, the jury returned to ask the court for further instructions as to the burden of proof. The court stated:

> "The burden of proof rests upon the Government throughout the case," and,

"Bear in mind * * * the burden of proof is always on the Government," and repeated the "burden of explaining" language of the charge. The court of Appeals held that the error in the charge was not corrected by reemphasizing that the "burden of proof is always on the Government."

The error in the charge in the instant case was not removed by using the term "burden of going forward with the evidence" instead of "burden of proof" and the instruction that "this does not mean that the burden of proving the guilt of the defendant beyond all reasonable doubt is removed from the state."

Reversed and remanded.

CATES, ALMON and TYSON, JJ., concur.