280 So.2d 814

**In re James BUCKLES**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**1 Div. 731.**

Supreme Court of Alabama.

Sept. 7, 1972.

Rehearing Denied Sept. 29, 1972.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

Thomas M. Haas, J. D. Quinlivan, Jr., Mobile, for respondent.

McCALL, Justice.

We granted the State's petition for a writ of certiorari to review and reverse a decision of the Court of Criminal Appeals wherein that court held that when a defendant is being tried on charges of buying, receiving, concealing, or aiding in concealing stolen property, in violation of Tit. 14, § 338, Code of Alabama, 1940, it is misleading and reversible error for the trial court to orally charge the jury in the following manner:

" 'Now, we have another statement in 36 Ala.App. 703 [63 So.2d 289], Hoggle v. State, which may be somewhat less involved; Judge Carr states that principle in this manner: "It has long been the rule in this jurisdiction that recent possession of stolen property by the accused

places upon him the burden of explaining this possession and if he fails to make a reasonable explanation; an inference of guilt may support a conviction."

" ' * * * I'm not going to tell you that that would create a presumption of his guilt, because it does not do it. But I am telling you that if he is found in the recent, unexplained possession of stolen goods, that would support an inference of his guilt in the burglary. * * * ' "

The opinion of the lower court does not explain in what particulars the charge was erroneous and misleading. The court's authority appears to be Reed v. State, 47 Ala.App. 617, 259 So.2d 304. In that case the appellant had been convicted of buying and receiving stolen property. The court held it was error for the trial court to have given this charge:

" 'If you are convinced beyond all reasonable doubt by the evidence that the property was stolen and further that the defendant was in possession of the property then the defendant has the burden of going forward with the evidence and explaining his possession of the property. This pertains to the charge of receiving and concealing stolen property and the reasonableness of his explanation is for you to determine in passing on the question of his guilt or innocence. If you determine that his explanation is reasonable, then of course the defendant should be acquitted but if you determine that his explanation is not reasonable, then you would be authorized to infer that the defendant knew that the property was stolen and that he did not intend to return it to the owner. Again this does not mean that the burden of proving the guilt of the defendant beyond all reasonable doubt is removed from the State. That is an area of law that I wanted to go into with you.' "

The above charge may also be criticized because it omits "recently" or some other equivalent word and also omits "unexplained," in order to describe the defendant's possession.

The Court of Criminal Appeals noted that in Boyd v. State, 150 Ala. 101, 43 So. 204, this court said:

" * * * The burden of proof is on the state, on the issue of larceny vel non, to establish beyond a reasonable doubt that the property involved was taken or appropriated animo furandi, which includes a taking or appropriation without the consent of the owner. * * * The recent possession of stolen property casts on the defendant the onus of explaining his possession, and, if he fails to make a reasonable explanation, a presumption of guilt arises which will support a conviction. * * * "

While the court used the phrase "a presumption of guilt," our later cases use the term, "inference of guilt."

We think on authority of Underwood v. State, 72 Ala. 220, Orr v. State, 107 Ala. 35, 18 So. 142, and Coats v. State, 257 Ala. 406, 60 So.2d 261, there was no error in charging the jury as the trial court did in the instant case.

In Underwood v. State, 72 Ala. 220, the appellant appealed his larceny conviction and there we stated:

"The recent, actual, unexplained possession of stolen goods, is a fact from which the jury may infer the complicity of the defendant in the larceny. Whether it is sufficient evidence of guilt, is a question for their determination. There may be cases in which it would stand alone, unconnected with any other criminating fact, and from it the jury would not probably infer guilt. Whether the inference is just and reasonable—whether the fact satisfies the minds of the jury as reasonable men, beyond all reasonable doubt, of the guilt of the accused —the court can not determine. * * * " Id. at 222.

The unexplained possession, described in the above statement of law, looks to and calls on the possessor for an explanation of how he came by the recently stolen goods, for otherwise, an inference arises out of an incriminating circumstance from which the accused may be found guilty and convicted. That is the clear meaning of this statement. This court in Orr v. State, 107 Ala. 35, 39, 18 So. 142, another case involving a larceny conviction, reiterated the rule of *Underwood,* supra. We said:

"The unexplained possession of property does not raise the presumption that the property was stolen. There must be other evidence of the corpus delicti. When this has been shown, and the stolen property, soon after the offense, is found in possession of a person who is unable to give a satisfactory explanation of his possession, then the jury are authorized to infer his guilt. * * *"

However the following statement is also found in *Orr,* supra, at 38–39, 18 So. at 143:

"* * * It is only in cases where the possession is 'recent' after the larceny, that the law authorizes a presumption of guilt. * * *"

Such inconsistency prompted Chief Justice Livingston to write in Coats v. State, 257 Ala. 406, 407, 60 So.2d 261, 262:

"* * * It seems that care has not been taken in all the cases to differentiate a presumption of guilt arising from that situation [the unexplained possession of goods recently stolen] and an inference which the jury is justified in drawing on account of it. * * *"

In Hale v. State, 45 Ala.App. 97, 225 So.2d 787, the court's opinion quotes Black's Law Dictionary, Fourth Edition, as follows:

"'A "presumption" and an "inference" are not the same thing, a presumption being a deduction which the law requires a trier of facts to make, an inference being a deduction which the trier may or may not make, according to his own conclusions; a presumption is mandatory, an inference, permissible. Cross v. Passumpsic Fibre Leather Co., 90 Vt. 397, 98 A. 1010, 1014; Joyce v. Missouri & Kansas Telephone Co., Mo.App., 211 S. W. 900, 901.'"

Thus, the jury is not required to apply a presumption of guilt from the incriminating evidence. Guilt remains an issue, but the jury is free to draw an inference of complicity in the crime from the evidence of unexplained possession of recently stolen property. It is a permissible evidentiary rule that comes into operation after the state produces the required proof.

The appellant in Coats v. State, supra, was convicted of possessing a still. During his argument, the prosecution asked the jury, "'Has his possession of that part of the still been explained to you sufficiently?'" In discussing the propriety of the solicitor's remark, this court observed that Tit. 29, § 132, Code of Alabama, 1940, makes the unexplained possession of a still prima facie evidence of a violation of law. The court, in writing to that point said:

"* * * There are several situations in legal procedure whereby the defendant in a criminal case must explain them to be consistent with his innocence, and sometimes the law places upon the defendant the *burden* of proving some defense when the law itself puts such burden upon the defendant as when he pleads not guilty by reason of insanity. It has never been supposed that such legal requirement infringes any constitutional right of the defendant. The burden of proof on the State is legal not constitutional and is subject to change by law.

"This theory is illustrated in the law of larceny, as follows: 'the "unexplained" recent possession of stolen property that authorizes the inference of guilt. Whether the explanation offered is credible or satisfactory is a question

for the jury.' Orr v. State, 107 Ala. 35, 18 So. 142, 143. It is sometimes stated that such unexplained possession is prima facie evidence of guilt, and it is very often stated that the unexplained possession of recently stolen goods raises a presumption of guilt. But in the Orr case it was observed that the safest rule, and that of the best considered cases, is to leave it to the jury to say whether the unexplained possession of goods recently stolen satisfies them of the guilt of the defendant. \* \* \*" (Emphasis added.) *Coats,* supra, 257 Ala. at 407, 60 So.2d at 261–262.

The only reasonable conclusion to be deduced from the above examination of our cases is that they stand for the proposition that, in a larceny case, when the corpus delicti has been established, and it has been shown that the accused was in the possession of recently stolen property, and he has not given a satisfactory explanation of his possession, the jury is free to draw an inference of his guilt from that circumstance which may support a conviction.

The opinion of the Court of Criminal Appeals in this case, as in Reed v. State, 47 Ala.App. 617, 259 So.2d 304, states that language, used by appellate courts in passing upon the legal sufficiency of the evidence in a given case in an opinion, should not literally be used by trial judges in setting forth an appropriate oral charge to the jury. Such also was the import of a statement in United States v. Allegrucci, 3 Cir., 258 F.2d 70, 74, a case that the Court of Criminal Appeals relied on in Reed v. State, supra, but which is contrary to the holding in our case of Cooper v. State, 87 Ala. 135, 6 So. 303. Where an applicable legal principle is sound law and has been pronounced clearly and explicitly by a long line of decisions, handed down by the Supreme Court of this State, as is the situation now before us, we can see no reason why the jury should not be instructed on that law, so that they can utilize it for their guidance in the fair administration of justice, and arrive at a true verdict in the case.

The precise issue before us seems to have been raised in Cooper v. State, 87 Ala. 135, 6 So. 303, where the court charged the jury, among other things, that if they believe from the evidence that the goods were stolen from the house at the time of the burglary, and that the defendant was found in the possession of a part of the goods recently after the commission of the burglary, this would cast on him the burden of explaining his possession of them. To this charge the defendant excepted and requested this charge " ' "The defendant is not required to account to the satisfaction of the jury for his possession of the goods, although the jury may believe that they were stolen." ' " The court refused the latter charge. The Supreme Court said with respect to the oral charge:

" \* \* \* Without charging upon the effect of the evidence, the court instructed the jury, if the defendant, recently after the commission of the burglary, was found in the possession of a part of the goods stolen, this would cast on him the burden of explaining his possession. The settled rule in this State is, that the possession of goods, recently after a larceny or burglary, which were stolen in the commission of the offense, imposes on the possessor the onus of explaining his possession, if he would repel the inference of complicity in the crime. Defendant offered no explanation whatever. The sufficiency of the evidence to satisfy the jury of [the] defendant's guilt beyond a reasonable doubt was submitted to them. The charge did not invade their province. Neal v. State, 53 Ala. 465; Ross v. State, 82 Ala. 65, 2 So. 139; Dodson v. State, 86 Ala. 60, 5 So. 485."

*Cooper,* supra, has been cited with approval in Martin v. State, 104 Ala. 71, 78, 16 So. 82; Tolleson v. Jackson, 217 Ala. 66, 68, 114 So. 801; Rogers v. State, 230 Ala. 504, 162 So. 134; Coats v. State, 257 Ala.

406, 60 So.2d 261, and is yet to be overruled.

In this connection, we take note of the case of Heath v. State, 30 Ala.App. 416, 7 So.2d 579; the defendant was tried for grand larceny. His explanation of his possion of the stolen property was that he had purchased it the night before from an unknown party. It appears from the record that the court charged the jury in part as follows:

"The Court deems it wise for it to read to this jury a portion of the law set out by the Supreme Court of Alabama and in which it is said; it is the settled rule of law of this State that the recent possession of stolen goods imposes on the possessor the onus of explaining the possession and if he fails to make a reasonable explanation, authorizes a presumption of guilt which will support a verdict of conviction."

While the Court of Appeals was not called upon expressly to pass upon the correctness of this charge, that court, through Judge Simpson, in no uncertain terms declared its approval of this statement in the oral charge when it said:

"On a trial for larceny, the corpus delicti having been established, the unexplained possession by the defendant of the recently stolen property is a fact from which the jury may infer his guilt. The onus of explaining this possession was upon the defendant. Bryant v. State, 116 Ala. 445, 23 So. 40; 13 Alabama Digest, Larceny, ⊜64(1). *In charging the jury that such was the settled law, the trial court was correct.*" (Emphasis added.)

The importance of the rule in larceny and buying and receiving cases is well stated in Aron v. United States, 8 Cir., 382 F. 2d 965, 970, as follows:

"The doctrine that possession of recently stolen property gives a permissible inference of knowledge on the part of the possessor that the property had been stolen, unless the possession thereof is accounted for in a reasonable and satisfactory manner consistent with the circumstances of the possession, is a factually sound and a necessary evidentiary rule. Without this evidentiary rule in criminal cases it would be almost impossible to consider for conviction any of the possessors or fences of stolen property unless they admitted that they knew the property to be stolen, which is an admission not likely to be forthcoming."

In Jordan v. State, 17 Ala.App. 575, 87 So. 433, where the defendant was convicted of receiving stolen goods, the court made this apt observation in speaking of cases of this character:

"* * * [I]t would be a difficult matter to make direct proof of the knowledge by [the] defendant of the theft of the goods in question; in fact, it could rarely be the subject of direct proof. Therefore, like most other facts, it may be inferred from other sufficient facts and circumstances. In criminal trials the jury are charged with the ascertainment of the facts, and in doing so are permitted to draw all reasonable and satisfactory inferences."

Since the evidentiary rule under consideration is sound law and so crucial in bringing about the conviction and punishment of guilty possessors of stolen goods, we have no hesitancy in reaffirming the legal principle announced in our former cases and settle the question of the correct manner to charge a jury on that proposition. We also hold that the mere use of the word "burden" in such a charge is not in and of itself reversible error. Such is not the law of this state.

In Coats v. State, supra, this court said, the defendant, in a case of the instant nature, has the "burden" of explaining his possession. It appears that the mere use of "burden" does not shift the burden of proof from the prosecution to the defendant, when the trial court makes it clear to the jury that it is only permitted, and not

required, to draw an inference of guilt from the accused's unexplained possession of recently stolen goods.

On this point the following statement from 22A C.J.S. Criminal Law, § 573, p. 318, is also pertinent:

"There is a manifest distinction, however, between the burden of proof and the burden of adducing evidence, also known as the burden of explanation, and, while the burden of proof never shifts, the burden of adducing evidence may shift from side to side according to the testimony, and it may require accused to produce testimony for himself or suffer an inference of guilt from the facts already proved to be drawn against him by the jury. Thus, while the burden of evidence cannot be placed on accused until proof of guilt beyond a reasonable doubt has been prima facie made by the prosecution, it will devolve on accused after a prima facie case has been made out."

In Reed v. State, 47 Ala.App. 617, 259 So.2d 304, the court followed two federal cases, United States v. Allegrucci, 3 Cir., 258 F.2d 70, and United States v. Lefkowitz, 2 Cir., 284 F.2d 210, which hold that it was error to instruct a jury that possession of recently stolen goods casts upon those holding them, the burden of explaining their possession, and that a jury may infer guilty knowledge of theft in the absence of explanatory facts and circumstances consistent with innocence.

The second circuit in *Lefkowitz*, supra, cited several United States Supreme Court cases which held that it is error to charge that the defendant's possession of recently stolen goods raises a presumption of guilt. The court stated: "[t]he same reasoning condemns an instruction couched in terms of 'burden' on the defendant, even when, as here, it is joined with an entirely proper phrasing in terms of inference." *Lefkowitz*, supra, at 313. The third circuit in *Allegrucci*, supra, had earlier reversed a federal district court for charging the jury as follows:

"* * * possession of recently stolen goods casts upon those holding them the *burden* of explaining their possession, and a jury may infer guilty knowledge of the theft, in the absence of explanatory facts and circumstances consistent with innocence." (Emphasis added.)

These two cases, however, were decided under the federal statute, 18 U.S.C. § 659, the applicable portion of which is as follows:

"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any railroad car, wagon, motortruck, or other vehicle, or from any station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express; or

"Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen; or * * *"

In Kasle v. United States, 6 Cir., 233 F. 878, 888, the court held, under the above statute, prior to its amendment, which was done in no material aspect, so far as we are here concerned, that it constituted error to charge the jury as follows:

"'That the possession of stolen property imputes knowledge in the possessor that it was and is stolen, unless the possessor explains his possession in such a way as to free his mind [as to free him?] from that presumption.'"

The court said though that the error was that the charge instructed the jury to approach the ultimate question subject to a presumption that the defendant received the articles with knowledge that they had been stolen. The court continued that the

defendant was not charged with the theft, but with an offense distinct from the antecedent larceny, and that the presumption that obtains in larceny cases is not carried forward under the federal statute, 18 U.S.C. § 659, which punishes the buying or receiving of stolen goods.

In *Kasle*, supra, the court went on to note:

"* * * The instant case therefore differs from a case, where, for instance, the statute so defines the act of receiving stolen property and that of stealing it as in effect to make the two offenses the same in character. Under a statute of that kind the receipt may amount to larceny, as well as the theft; and so the same presumption arising from recent possession that would be applicable to the theft might also be to the receiver. Thus in Martin v. State, 104 Ala. 71, 78, 16 So. 82, under an indictment for both larceny and knowingly receiving, it was held 'that the recent possession of stolen goods, imposes on the possessor the onus of explaining the possession,' etc.; but, as we understand, the case arose under a statute in which it is provided:

"'Any person, who buys, receives, conceals or aids in concealing any personal property whatever, knowing that it has been stolen, and not having the intent to restore it to the owner, must, on conviction, be punished as if he had stolen it.' 2 Crim.Code Ala. 1896, § 5054, p. 369. [Now Tit. 14, § 338, as amended, Code of Alabama, 1940.]

* * * * * *

"These decisions and the statutes affecting them are enough to illustrate the distinction, already mentioned, between cases of that character and the instant case. * * *"

Therefore, under our statute, where the receipt of the stolen property, as well as the theft, amounts to larceny, the same inferences, arising from recent possession, that are applicable to the thief, are also applicable to the receiver. See Martin v. State, 104 Ala. 71, 16 So. 82.

For the reasons stated and set forth above the two federal cases, United States v. Allegrucci, supra, and United States v. Lefkowitz, supra, decided under a different statute from ours and relied on by the Court of Criminal Appeals in *Reed,* supra, are differentiated from the holding in our cases, and consequently are not controlling; therefore we overrule Reed v. State, 47 Ala.App. 617, 259 So.2d 304, and reverse and remand the instant case.

Reversed and remanded.

MERRILL, HARWOOD, MADDOX, and SOMERVILLE, JJ., concur.

HEFLIN, C. J., and COLEMAN, and BLOODWORTH, JJ., dissent.

BLOODWORTH, Justice (dissenting):

I most respectfully dissent. I would affirm the Court of Criminal Appeals, being of the opinion its decision is correct.

The clear effect of the oral charge in this case is to place upon defendant the *burden* of explaining his possession of recently stolen goods—thus of proving his innocence. The *burden* of proof is on the State to prove defendant's guilt.

As pointed out in the exhaustive opinion of Mr. Justice McCall, the older cases of our court, as well as those of the Court of Appeals, have indicated defendant had such burden. Clearly, however, modern authority is to the contrary.

Almost identical charges were condemned by the Court of Criminal Appeals in Haynes v. State, 45 Ala.App. 31, 222 So.2d 183 (1969), and in Reed v. State, 47 Ala.App. 617, 259 So.2d 304 (1972). I think these decisions are correct.

A charge to effect that the unexplained provision of recently stolen property is a circumstance from which the jury may infer that the defendant is guilty of

stealing it, was recently upheld by the Court of Criminal Appeals in Chadwick v. State, 47 Ala.App. 529, 258 So.2d 62 (1972). Judge Cates in concurring with Judge Tyson's opinion for the Court of Criminal Appeals suggests what is, in my judgment, a proper charge. It does not directly place a *burden* on defendant, which I consider to be the vice in the charge in the instant case.

HEFLIN, C. J., and COLEMAN, J., concur.