HARRIS, Judge.
Appellant was convicted of buying, receiving, concealing or aiding in concealing stolen property and sentenced to four years in the penitentiary. He was represented by retained counsel and at arraignment pleaded not guilty. After sentence was imposed, he gave notice of appeal and requested that the sentence be suspended pending appeal which request was granted. The appeal bond was fixed at $6,000.00.
In August of 1974 Dale Boyd was the owner of a 19 foot Sabre fiberglass boat, model 190R, serial number 1966086, of the value of $2,500.00. He had it on a galvanized trailer parked on a concrete slab in his driveway at Fairmont Avenue in Pascagou-la, Mississippi. This boat was stolen on or about August 28 or 29, 1974. He reported the boat stolen and showed the officer the original bill of sale bearing the description set out in the indictment. Mr. Boyd testified that the boat was worth at least $2,500.00.
The boat was found about three weeks later at the home of Preston Miller on Cross Street in Saraland, Mobile County, Alabama. Officers of the Mobile Police Department recovered the boat and carried it to a storage room in the basement of the Mobile County Courthouse and notified Mr. Boyd. Mr. Boyd came to Mobile and identified the boat as his. He noted that the plastic lettering bearing the State of Mississippi registration number had been pulled off and a place on the side of the boat had been sanded or repainted, but the registration numbers were still visible. The Mobile detectives who found the boat at the Miller residence took photographs of the boat before it was removed from the Miller’s house. These photographs along with Mr. Boyd’s bill of sale were introduced into evidence without objections.
*98 Mr. Boyd testified that he did not know appellant and did not know a man by the name of Robert Loper.
During appellant’s trial defense counsel admitted the boat belonged to Dale Boyd. Mr. Boyd recovered his boat around September 19, 1974.
Mrs. Lucille Miller testified that she and her husband lived at 723 Cross Street in Saraland and that she knew appellant. She stated that before daylight on the morning of August 29, 1974, he knocked on her door and told her he had brought her husband’s boat and that he was going to put in their garage and she told him all right. She watched the appellant and two other men put the boat in the garage. She further stated that she knew appellant’s truck but it was not his truck that brought the boat to her house that morning. She said the boat and trailer were being pulled by an “old truck” that did not belong to appellant and she had never seen this particular truck before the morning that appellant brought the boat. It was so early in the morning that Mrs. Miller went back to bed after appellant and the other men put the boat in the garage and left her home.
Later in the day Mrs. Miller went to the bank and drew out $500.00. Between 5:30 and 6:00 p. m., that same day appellant came back to her house. Her husband had just come home from work and she gave him the $500.00 in the presence of appellant. She further testified that she did not see any other person present when she gave the money to her husband. The boat stayed at her home a couple of weeks before the officers came and carried it away and they were never refunded the $500.00.
Appellant testified that he owned and operated Gurley’s Garage and that he did marine and automobile repair work. He stated he knew a Robert Loper who lived in Lucedale, Mississippi. He stated that in 1974 he put a new motor in a 1967 Chevelle Malibu for Loper. Loper asked appellant if he wanted to buy his boat and appellant said he did not but he told Loper that Preston Miller wanted a boat. Appellant and Loper contacted Miller concerning a boat. Miller was to pay Loper $800.00 and build a box trailer worth $1,000.00 to $1,200.00 which appellant would get for the repair of Loper’s car.
A few days later Loper called appellant at 4:30 a. m. and told him he had a boat for Miller and that he was on the Interstate. Appellant rode out on the Interstate and met Loper who had a maroon and white boat exactly like Mr. Boyd’s boat. Loper followed appellant to the Miller residence where they put the boat in the garage. Appellant stated that in his opinion the boat was worth about $1,500.00 to $1,800.00.
Appellant further testified that he arranged for the sale of the boat between Loper and Miller and he was to get a trailer out of the deal to haul his racing cars in. He said he had only known Loper about five days before the boat transaction and he had not seen Loper since they delivered the boat to the Miller residence and that Loper never did come back to get the car that appellant had repaired. He stated he had no idea where Loper was at the time of appellant’s trial. It was developed during the trial that Loper lived in Mississippi and had been arrested there.
On cross-examination appellant admitted that he had been previously convicted of kidnapping.
In his closing argument the prosecutor referred to Loper and appellant as “two convicted felons.” Appellant’s counsel objected to this description of appellant and the trial judge sustained the objection and pointed out that his prior conviction had nothing to do with his guilt or innocence in the case then on trial but only went to the credibility of his testimony and further that it was not proper argument for the Assistant District Attorney to refer to appellant as a convict. The trial court in sustaining appellant's objections to the prosecutor’s argument rendered innocuous any error committed by the prosecutor.
Appellant raises only one issue on this appeal on which he relies for a reversal of *99 the conviction and that is the refusal of the trial court to give the following written charge:
“I charge you, members of the jury, that the assertions of counsel are not evidence in this case.”
Appellant cites Lane v. State, 85 Ala. 11, 4 So. 730, as authority to reverse this case. In Lane, the refused charge read:
“The state must prove its charge, and prove it beyond a reasonable doubt, by evidence. The assertions of counsel are not evidence.”
In this case the Court meticulously charged the jury that the burden was on the State to prove appellant’s guilt beyond a reasonable doubt and that proof must be based on the testimony of witnesses.
The refused charge could well have been given but its refusal was harmless error in the light of the Court’s favorable rulings on appellant’s objections to the argument of the prosecutor and on the oral charge to the jury as to the burden of proof. See Buckles v. State, 291 Ala. 352, 280 So.2d 814.
The judgment of conviction is affirmed.
AFFIRMED.
All the judges concur, except CATES, P. J., not sitting.