HARRIS, Presiding Judge.
Appellant was indicted by the grand jury of Colbert County, for buying, receiving, concealing, or aiding in concealing one Phil-co 19 inch black and white television valued at $125.00, the property of Arthur Carter. At arraignment, accompanied by his appointed counsel, appellant entered a plea of not guilty to the charge against him. Appellant was subsequently tried by a jury, found guilty as charged in the indictment, and sentenced by the trial court to five years in the penitentiary. Having been found to be indigent, appellant was provided counsel and a free transcript for this appeal.
The sole issue presented on this appeal concerns the sufficiency of the evidence to sustain appellant’s conviction for the offense charged. Appellant contends that the State failed in its case against him on three points. They are: (1) the television set recovered by the victim was not sufficiently identified as the set stolen from his residence; (2) there was no proof of appellant’s knowledge that the television set, which he sold to a State’s witness, was stolen; and (3) that there was a fatal variance between the allegata of the indictment and the pro-bata at trial as to the ownership of the subject property. A summary of the evidence is set out below.
Larry Carroll testified that he lived at 800 South Atlanta, in Sheffield, Alabama, and that he had known the appellant about two years. On or about January 30, 1978, Carroll bought a television set from appellant at the home of Walter Hardy. Earlier in the evening, appellant had seen Carroll at Pearlene Ford’s apartment and asked if he wanted to buy a color television for twenty-five dollars. Appellant told Carroll that he had three television sets and did not need this particular set. Carroll further testified that after purchasing the set, he plugged it in and discovered that it was a black and white television, rather than a color set as he had been told by appellant. The next morning Arthur Carter recovered the television at Carroll’s home.
Following Carroll’s identification of a television set as the one that appellant sold to him, the television was admitted into evidence without objection.
Arthur Carter testified that appellant was his wife’s nephew and that he lived next door to him. On January 30, 1978 Carter and his wife were both working an evening shift. At this time, Carter had in his home a television set, loaned to him by Otasco while his own television set was being repaired in their shop. After getting off from work that evening, Carter discovered that someone had burglarized his home, and that the television set was gone.
After notifying the Sheriff of the theft, Carter began looking for his television. Kay Frances told Carter that appellant and another individual had been by her home that evening, trying to sell the set for three dollars. Subsequently, Carter discovered the set at Larry Carroll’s home. Carter positively identified the television in evidence as the one taken from his home.
*1332 Walter J. Hardy testified that he had known appellant for three years. On the evening of January 30, 1978, appellant asked Hardy for $1.50 to pay a man who had given him a ride to Sheffield. Appellant left, returning shortly, and asked for another $1.50 to pay the man for taking him to Warehouse Groceries to cash a check. Hardy loaned the appellant the money he requested. Appellant, Hardy further testified, had a television set at this time, and he left it at Hardy’s home, while he went to the grocery store. When appellant returned thirty-five minutes later, he was accompanied by Larry Carroll. Carroll paid appellant some money and the two left Hardy’s home, carrying the television set with them. Hardy testified that the television in evidence appeared to be the same set as the one sold to Carroll by appellant, except for some “soot looking stuff” on the top of the set in evidence.
No evidence was presented by the defense.
The elements of buying, receiving or concealing stolen property are: (1) that the property in question has been feloniously taken and carried away; (2) that appellant bought, received, concealed or aided in concealing the property in question, knowing that it was stolen; and that at the time he assumed control of the property, appellant had no intent to restore the property to the owner. Eddy v. State, Ala.Cr.App., 353 So.2d 67.
Appellant’s first contention is without merit, viz., the serial number on the set should have been set out in the indictment. Arthur Carter positively identified a television set, in evidence, as the set which was taken from his home. Larry Carroll identified the same television as being the one sold to him by appellant. Appellant contends that the television set should have been identified by the most direct and positive testimony of which the case is susceptible, stating that the serial number of the stolen set should have been introduced in evidence. Had there been no positive identification of the property stolen, only the weight, not the admissibility of the evidence would have been affected. Bills v. State, 49 Ala.App. 726, 275 So.2d 706.
Secondly, contrary to appellant’s argument, the evidence was sufficient for the jury to infer that appellant knew the television to be stolen. Here the evidence tends to show that appellant was in possession of the television on the same evening that it was stolen from Carter’s residence. It is well established that such recent possession is a circumstance from which the jury may infer the requisite scienter. Eddy, supra; Haynes v. State, Ala.Cr.App., 335 So.2d 203, cert. denied, Ala., 335 So.2d 208.
Finally, no fatal variance as to the ownership of the television set is present in the case at bar. The evidence shows that the television set was loaned to the victim Arthur Carter by the Otasco Store while his own set was being repaired. As a bailee of this set, ownership was correctly laid in Carter’s name in the indictment. Eddy, supra.
In Character v. State, 51 Ala.App. 589, 287 So.2d 916, certiorari denied, 291 Ala. 775, 287 So.2d 918, this Court held:
“It is the law of this state that the unexplained possession of property does not raise the presumption that the property was stolen. There must be other evidence of the corpus delicti. When this has been shown, and the stolen property, soon after the offense, is found in possession of a person, who is unable to give a satisfactory explanation of his possession, then the jury is authorized to infer his guilt. Orr v. State, 107 Ala. 35, 18 So. 142; Buckles v. State, 291 Ala. 352, 280 So.2d 814 (1972).
“The requisite scienter for the crime of receiving stolen property may be inferred from the recent possession of stolen goods. Stanley v. State, 46 Ala.App. 542, 245 So.2d 827.
“In Buckles, supra, our Supreme Court cited with approval the following quotation from the case of Aron v. United States, 8 Cir., 382 F.2d 965, 970:
“ ‘The doctrine that possession of recently stolen property gives a permissible infer *1333 ence of knowledge on the part of the possessor that the property had been stolen, unless the possession thereof is accounted for in a reasonable and satisfactory manner consistent with the circumstances of the possession, is a factually sound and a necessary evidentiary rule. Without this evidentiary rule in criminal cases it would be almost impossible to consider for conviction any of the possessors or fences of stolen property unless they admitted that they knew the property to be stolen, which is an admission not likely to be forthcoming.’ ”
There was no request for the affirmative charge; there was no motion for a new trial; no exceptions were reserved to the oral charge of the Court, and there were no errors during the trial which contained any merit. Appellant did make a motion to exclude the State’s evidence on the ground the State had failed to make out a prima facie case. This motion was overruled.
Under the evidence in this case, the guilt vel non of appellant was for the jury and this Court is without warrant to disturb the verdict of the jury. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.