294 So.2d 169

**Oland Howard GAVIN**

v.

**STATE.**

**4 Div. 237.**

Court of Criminal Appeals of Alabama.

March 5, 1974.

Rehearing Denied April 9, 1974.

James M. Prestwood, Andalusia, for appellant.

William J. Baxley, Atty. Gen., for the State.

DeCARLO, Judge.

Possession of a still; sentence, three years.

A United States Treasury Department agent testified that he saw appellant and one Myrick working at a distillery on the morning of July 6, 1972. He observed appellant helping Myrick put a hole in the top of the still, attach valves to the burner, discard a 110 gallon cooker and replace it with a 180 gallon box. In the subsequent raid, appellant was apprehended running from the scene.

During a hearing outside the presence of the jury, the treasury agent testified that appellant stated he was selling whiskey for six to seven dollars per gallon. The court sustained defense counsel's objection that this was not within the scope of the indictment. When this statement was later made in the jury's presence, the court again sustained an objection, but denied a motion for a mistrial.

Defense counsel argues, however, that this witness was instructed outside the presence of the jury, that his statement

was not legal testimony and was highly prejudicial.

In delivering it's admonition, the court stated:

"I deny the motion for a mistrial. The jury is instructed to disregard the statement of the witness about the proceeds of the still. He is not charged with that offense. He is only charged with possession of a still."

If a trial court acts promptly to impress upon the jury that improper statements should not be considered by them in their deliberations, any prejudicial effect of such remarks is removed. Myhand v. State, 259 Ala. 415, 66 So.2d 544; Braden v. State, 49 Ala.App. 97, 268 So.2d 877.

In the present case, the court acted with dispatch in protecting the rights of appellant.

Next, appellant complains the court erred in its oral charge wherein the jury was read § 131, Title 29, Code of Alabama:

"It shall be unlawful for any person, firm or corporation in this state to manufacture, sell, give away, or have in possession, any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages."

Counsel alleges that appellant was not charged with "selling" anything, and reading that portion of the statute concerning selling was unnecessary and incorrect.

"The trial court has the right to read to the trial jury in its charge the law and the statutes of Alabama relative to the alleged crime. Code of Alabama, 1940, Tit. 7, Sec. 270." Green v. State, 42 Ala.App. 439, 167 So.2d 694.

"Sell" in § 131 involved the sale of any apparatus, appliance, or device used for manufacturing prohibited liquors and not the sale of whiskey.

The court's actions were proper.

No error appears in the record.

The judgment below is hereby

Affirmed.