STATE OF NORTH CAROLINA v. JAMES EARNEST KEARNS

No. 7520SC43

(Filed 16 April 1975)

1. Criminal Law § 75— confession — consideration in entirety

A confession should be considered in its entirety, and if the State introduces into evidence only part of an alleged confession, a defendant is entitled to introduce the remainder of what was said to and by him, including any exculpatory statements which would bear upon the matter in controversy; furthermore, where an accused has been interrupted or otherwise prevented from completing his confession, the confession is not admissible in evidence.

2. **Criminal Law § 75— testimony concerning confession — failure of witness to hear or remember entire confession**

A witness is not incompetent to testify as to an alleged confession merely because he failed to hear or remember the entire conversation containing the confession; rather, the witness is generally allowed to testify as to what he heard, and the fact that he did not hear the entire conversation or remember all that was said does not render his testimony inadmissible.

3. **Criminal Law § 75— confession — witness out of room for five minutes — competency of testimony**

The trial court did not err in allowing an SBI agent to testify concerning a confession made by defendant, though the agent was out of the room for approximately five minutes while defendant continued his confession.

APPEAL by defendant from *Chess, Judge.* Judgment entered 29 October 1974 in Superior Court, ANSON County. Heard in the Court of Appeals 19 March 1975.

This is a criminal prosecution wherein the defendant, James Earnest Kearns, was charged in a bill of indictment, proper in form, with armed robbery. Defendant pleaded not guilty and the State offered evidence tending to show that at approximately 9:30 p.m. on 25 July 1974 the defendant and a companion, who was armed with a pistol, robbed the Deese Variety Store in Anson County of about $1,100.00. Defendant testified in his own behalf that he did not participate in the robbery and that at the time it was committed he was in Winston-Salem.

The jury returned a verdict of guilty and the trial court sentenced the defendant to a prison term of not less than ten (10) nor more than fifteen (15) years. Defendant appealed.

*Attorney General Edmisten by Associate Attorney David S. Crump for the State.*

*Joe P. McCollum, Jr., for defendant appellant.*

HEDRICK, Judge.

The sole question argued by defendant on this appeal is whether the trial court erred in allowing an SBI agent to testify for the State as to an alleged confession made by the defendant in view of the fact that the agent was not present during the entire interrogation during which the defendant purportedly confessed to the crime charged.

Upon defendant's objection the trial court conducted a voir dire hearing in the absence of the jury to determine the admissibility of any statements made by the defendant to Special SBI Agent Ronald Hawley. Hawley testified on voir dire that he and another SBI Agent, Jack Richardson, questioned the defendant on 27 July 1974 with respect to the robbery of the Deese Variety Store. After he was advised of his constitutional rights, the defendant signed a "waiver of rights" form and agreed to answer the agents' questions. Hawley and Richardson thereafter interrogated the defendant for twenty or thirty minutes. At some point during the interview, Agent Hawley went out of the room for approximately five minutes. During his absence, Agent Richardson continued to talk with the defendant. Upon Hawley's return, the two agents questioned the defendant for several minutes until the defendant had completed his statement. Hawley further testified that Agent Richardson was in Connecticut in connection with another case and was therefore unable to be present at the defendant's trial. Defendant offered no evidence on voir dire. At the conclusion of the voir dire examination, the court made findings of fact and concluded that the defendant's statement was "made freely, voluntarily and understandingly . . . . " The court then allowed Agent Hawley to testify before the jury as to the defendant's alleged confession.

[1] A confession should be considered in its entirety; and if the State introduces into evidence only part of an alleged confession, a defendant is entitled to introduce the remainder of what was said to and by him, including any exculpatory statements which would bear upon the matter in controversy. *State v. Marsh,* 234 N.C. 101, 66 S.E. 2d 684 (1951); *State v. Edwards,* 211 N.C. 555, 191 S.E. 1 (1937); *State v. Barnwell,* 17 N.C. App. 299, 194 S.E. 2d 63 (1973); 29 Am. Jur. 2d Evidence § 535 (1967). Furthermore, where an accused has been interrupted or otherwise prevented from completing his confession, the confession is not admissible into evidence. Annot., 2 A.L.R. 1017, 1037 (1919); 29 Am. Jur. 2d, supra.

[2] It is well-settled, however, that a witness is not incompetent to testify as to an alleged confession merely because he failed to hear or remember the entire conversation containing the confession. In such event the witness is generally allowed to testify as to what he heard and the fact that he did not hear the entire conversation or remember all that was said does not render his testimony inadmissible. *State v. Pratt,* 88 N.C. 639

(1883) ; 2 Stansbury, N. C. Evidence § 187 (Brandis Revision 1973) ; Annot., 2 A.L.R. 1017, 1030 (1919) ; 29 Am. Jur. 2d Evidence § 593 (1967).

**[3]** In the instant case, Agent Hawley was out of the room for only five minutes during the interrogation of the defendant. Hawley was able to remember what the defendant had said while in his presence and the statements which he attributed to the defendant amount to a full and complete confession of the crime charged. The agents in no way prevented the defendant from completing his statement and he was perfectly free to offer evidence both on voir dire and before the jury as to what transpired during Hawley's absence, including any exculpatory statements he may have made to Agent Richardson. The defendant, however, neither offered any evidence on voir dire nor attempted to supplement Agent Hawley's testimony when he testified in his own behalf before the jury. We are of the opinion and so hold that the trial court did not err in allowing Agent Hawley to testify as to the alleged confession made by the defendant in his presence on 27 July 1974.

The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.