STATE OF NORTH CAROLINA v. JACK P. AUSTIN AND JOSEPH P. THORNE

No. 7611SC236

(Filed 6 October 1976)

1. **Criminal Law § 9— aiding and abetting — necessity for evidence of principal's guilt**

    Where there is insufficient evidence to convict a specifically named principal defendant of the crime charged, another person may not be convicted of aiding and abetting him.

2. **Narcotics § 1; Physicians, Surgeons and Allied Professions § 2— dispensing of prescription drugs by non-pharmacist — conviction under Controlled Substances Act**

    When a drug is sold under circumstances which render the sale unlawful under Article 4 of G.S. Ch. 90, which governs the practice of pharmacy, there is also a violation of Article 5, the Controlled Substances Act, if the drug involved is a controlled substance; therefore, a defendant who was not a pharmacist could be convicted under the Controlled Substances Act for the sale of a controlled substance although the drugs sold were exactly those called for by prescriptions which appeared regular in all respects.

3. **Criminal Law § 16— indictment for felonies — prior warrants for misdemeanors — jurisdiction**

    The trial court properly denied defendant's motion to dismiss indictments charging the felonious sale of narcotics on the ground that warrants charging defendant with misdemeanors of unlawfully dispensing pharmaceutical preparations based on the same drug sale had been issued and served before the indictments charging the felonies were returned, since the outstanding misdemeanor warrants did not prevent the superior court from exercising its jurisdiction over the felonies.

State v. Austin

4. **Criminal Law § 73; Searches and Seizures § 3— admission of affidavit for search warrant**

The trial court committed prejudicial error in admitting into evidence an affidavit to obtain a search warrant since the affidavit was based in substantial part on hearsay statements and referred to other pending criminal charges against defendant without showing that he had been convicted of those offenses.

5. **Narcotics § 4— aiding and abetting sales of narcotics — insufficiency of evidence**

The State's evidence was insufficient for the jury in a prosecution for aiding and abetting in felonious sales of controlled substances where there was no evidence that defendant was physically present, that he gave any encouragement, or that he did anything else to assist or encourage the perpetrator in making those sales.

6. **Physicians, Surgeons, and Allied Professions § 2— pharmacist — false information on records — insufficiency of evidence**

The State's evidence was insufficient for the jury in a prosecution of a pharmacist for feloniously furnishing false and fraudulent information on records required to be kept under Article 5 of G.S. Ch. 90 where the State's own handwriting expert testified that he was unable to identify any of the entries on the records as having been written by defendant.

APPEAL by defendants from *Brewer, Judge.* Judgments entered 21 October 1975 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 15 June 1976.

The defendant, Jack P. Austin, was charged in separate bills of indictment as follows:

In case no. 75CR3586B he was charged with feloniously selling and delivering on 9 January 1975 to K. C. McDaniel, a Special Agent of the State Bureau of Investigation, the controlled substance Secobarbital, in the form of Seconal capsules, which is included in Schedule II of the North Carolina Controlled Substances Act.

In Case No. 75CR3588B he was charged with feloniously selling and delivering on 11 December 1974 to K. C. McDaniel a codeine preparation in the form of Phenaphen # 3 capsules, which is included in Schedule III of the Controlled Substances Act.

In Case No. 75CR3589B he was charged with feloniously selling and delivering on 9 January 1975 to K. C. McDaniel a codeine preparation in the form of Phenaphen # 3 capsules.

In Case No. 75CR5405 he was charged with aiding and abetting on 28 March 1975 Joseph Phillip Thorne in feloniously

and intentionally furnishing false and fraudulent material information on records required to be kept under Article 5 of Ch. 90 of the General Statutes, in that he did aid and abet Thorne in entering the date of dispensing and the signature of Thorne on the face of two prescriptions, pursuant to which Phenaphen # 3 and Seconal had been dispensed, not by Thorne, but illegally by Austin.

The defendant, Joseph P. Thorne, was charged in separate bills of indictment as follows:

In Case No. 75CR3584B he was charged with aiding and abetting Austin on 9 January 1975 in the felonious sale to McDaniel of Secobarbital.

In Case No. 75CR3579 he was charged with aiding and abetting Austin on 9 January 1975 in the felonious sale to McDaniel of Phenaphen # 3 capsules.

In Case No. 75CR3585 he was charged with aiding and abetting Austin on 11 December 1974 in the felonious sale to McDaniel of Phenaphen # 3 capsules.

In Case No. 75CR5423 he was charged with feloniously and intentionally furnishing false and fraudulent material information on records required to be kept under Article 5 of Ch. 90 of the General Statutes, in that he did enter the date of dispensing and write his signature on the face of two prescriptions, pursuant to which Phenaphen # 3 and Seconal had been dispensed, not by him, but instead by Austin.

All of the cases were consolidated for trial, and each defendant pled not guilty to all charges against him.

The State presented evidence to show the following: The defendant Austin is the owner of Austin's Drug Store in the town of Four Oaks in Johnston County. He is not a pharmacist. The defendant Thorne is a registered pharmacist and is employed by Austin. On 15 October 1974 P. M. Boulus of the State Bureau of Investigation secured from Dr. Francis Fallon, in Dunn, N. C., prescriptions in the name of "Carolyn Wilson, Route 2, Benson, N. C." The name "Carolyn Wilson" is a fictitious name. Prescription # 84175 was dated 21 October 1974 and was for "phenaphen # 3—one for cramps." Prescription # N-5963 was dated 9 January 1975 and was for "seconal 100 mg—one for sleep." On 5 November 1974 Michael H. Kelly, an

employee of the State Bureau of Investigation, took Prescription # 84175 to Austin's Drug Store and asked defendant Austin if he could fill it. Austin replied that he could not but that the pharmacist would be in later. Kelly left the prescription to be filled, returning to the store later to pick it up. On 11 December 1974 K. C. McDaniel, also an employee of the SBI, using the name "Carolyn Wilson," went to Austin's Drug Store and obtained from Austin a refill of Prescription # 84175, for which she paid $4.90. On 9 January 1975 McDaniel returned to the store and obtained from Austin a second refill of Prescription # 84175 for phenaphen. On that date she also delivered to Austin prescription # N-5963 for seconal, and Austin also filled this prescription for her. On none of the occasions referred to above was the defendant Thorne present in the store. Phenaphen # 3 is manufactured by A. H. Robertson Company and is a Schedule III controlled substance containing codeine. Seconal is manufactured by Eli Lilly Company and is a Schedule II controlled substance containing a barbiturate, secobarbital. Both drugs are manufactured by the pharmaceutical firms in capsules ready for sale, and neither is compounded in any way by a pharmacy. In filling a prescription, all that is involved is for the pharmacist to get the capsules out of the bottle in which they came from the manufacturer.

On 28 March 1975 SBI Agent Boulus, after securing a search warrant, obtained from Austin's Drug Store the prescriptions # 84175 and # N-5963. These prescriptions had a date and initials on the back written in ink, and there had been overwriting in a darker ink. The State's handwriting expert was not able to identify the writing on the back of the prescriptions with the handwriting of either defendant.

Neither defendant presented evidence. Each was found guilty in all of the cases against him as listed above. Judgments imposing prison sentences were entered in all cases. Each defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr. for the State.*

*L. Austin Stevens for defendant appellant, Jack P. Austin.*

*T. Yates Dobson, Jr. for defendant appellant, Joseph P. Thorne.*

PARKER, Judge.

### APPEAL BY DEFENDANT, JACK P. AUSTIN

[1]   Defendant Austin assigns error to the denial of his motions, made at the conclusion of the evidence, to dismiss all charges against him. As to Case No. 5405, in which Austin was charged with aiding and betting Thorne in furnishing false information in violation of G.S. 90-108(a)(11), there was insufficient evidence to support a jury verdict finding Thorne guilty of that offense. Where there is insufficient evidence to convict a specifically named principal defendant of the crime charged, another person may not be convicted of aiding and abetting him. *State v. Gainey*, 273 N.C. 620, 160 S.E. 2d 685 (1968). Therefore, defendant Austin's motion to dismiss Case No. 5405 should have been allowed.

[2]   As to the remaining cases against Austin, Nos. 3586B, 3588B, and 3589B, in which he was charged with selling and delivering controlled substances, we find the evidence sufficient to withstand defendant's motions for dismissal. We do not agree with defendant's contention that, since the drugs sold were exactly those called for by prescriptions which appeared regular in all respects, he could at most be guilty of a violation under Article 4 of G.S. Ch. 90, which governs the practice of pharmacy, and not under Article 5, the North Carolina Controlled Substances Act. G.S. 90-71, which appears in Art. 4, makes it unlawful for any person not licensed as a pharmacist to dispense or sell at retail any drug or pharmaceutical preparation "upon the prescription of a physician or otherwise, or to compound physicians' prescriptions except as an aid to and under the immediate supervision of a person licensed as a pharmacist or assistant pharmacist" under Article 4. On the evidence presented in the present case, defendant Austin might indeed have been guilty of the unlawful conduct proscribed by G.S. 90-71 and its companion statute, G.S. 90-72. *See Board of Pharmacy v. Lane*, 248 N.C. 134, 102 S.E. 2d 832 (1958). That fact, however, does not insulate him from prosecution for violation of the more serious offense proscribed by G.S. 90-95 (a)(1), the statute under which he was convicted. That statute makes it a criminal offense to sell or deliver a controlled substance except as authorized by Article 5 of G.S. Ch. 90, and nowhere in Article 5 do we find authority for a sale which is clearly made unlawful under Article 4. We hold, therefore, that when a drug is sold under circumstances which render the

sale unlawful under Article 4, there is also a violation of Article 5, if, as in the present case, the drug involved is a controlled substance.

[3] The bills of indictment on which defendant Austin was tried were returned by the grand jury as true bills on 2 June 1975. Prior thereto, on 7 May 1975, three warrants had been issued and served on defendant Austin charging him with the misdemeanors of unlawfully dispensing pharmaceutical preparations in violation of G.S. 90-72. These warrants were based on the same sales of drugs as were alleged in the bills of indictment in Cases 75CR3586B, 3588B, and 3589B. Defendant Austin contends that because these misdemeanor warrants had been issued and served prior to the time of the return of the bills of indictment, his motion to dismiss the indictments, made prior to entry of his pleas of not guilty, should have been allowed. Citing *State v. Parker*, 234 N.C. 236, 66 S.E. 2d 907 (1951), for the rule "that where two courts have concurrent jurisdiction of a case, the court which first acquires jurisdiction over the case retains it to the exclusion of the other court," defendant Austin contends the District Court acquired prior jurisdiction by reason of the warrants and for that reason the Superior Court had no jurisdiction to proceed to try him under the bills of indictment. The rule cited by defendant has no application to the present case. Here, the Superior and District Courts did not have concurrent jurisdiction. The indictments charged defendant with commission of felonies, over which the Superior Court has exclusive original jurisdiction. The outstanding misdemeanor warrants, on which defendant has never been brought to trial, did not prevent the Superior Court from exercising its jurisdiction over the felony offenses. The motion to dismiss the indictments was properly denied.

[4] Defendant Austin assigns as error the admission in evidence over his objection of the affidavit of SBI Agent Boulus on the basis of which the search warrant dated 28 March 1975 was issued. Agent Boulus was called as the first witness for the State. Over defendant's objections he was permitted to recount to the jury the contents of his affidavit, and the affidavit itself was received in evidence before the jury. In this there was error. In *State v. Spillars*, 280 N.C. 341, 185 S.E. 2d 881

State v. Austin

(1972), Justice Branch, speaking for our Supreme Court, said (p. 351, 352):

> "The validity of a search warrant, the legality of a search, and the admissibility of evidence obtained by the search are matters of law to be determined by the trial judge. Determination of these questions is not for the jury's consideration. *State v. Reams*, 277 N.C. 391, 178 S.E. 2d 65; *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755; *State v. Myers*, 266 N.C. 581, 146 S.E. 2d 674; *State v. Moore*, 240 N.C. 749, 83 S.E. 2d 912.

> It is error to allow a search warrant together with the affidavit to obtain search warrant to be introduced into evidence because the statements and allegations contained in the affidavit are hearsay statements which deprive the accused of his rights of confrontation and cross-examination. See *State v. Oakes*, 249 N.C. 282, 106 S.E. 2d 206."

We need only determine if the error was prejudicial. *State v. Jackson*, 287 N.C. 470, 215 S.E. 2d 123 (1975); *State v. Spillars, supra.*

The affidavit of Agent Boulus was clearly based in substantial part on hearsay statements of Agents Kelly and McDaniel. If this was its only vice, we might be able to consider the admission of the affidavit as nonprejudicial error, since both Kelly and McDaniel subsequently testified and were subject to cross-examination. The affidavit, however, went further and referred to a number of other pending criminal charges against defendant Austin without showing that he had been convicted of those offenses, and "[i]t is well recognized in this jurisdiction that in a prosecution for a particular crime the State cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense." *State v. Spillars, supra* at 352. Considering the entire affidavit, we are unable to say that the error in its admission was non-prejudicial. For this error, defendant Austin is entitled to a new trial in Cases 75CR3586B, 3588B, and 3589B.

### APPEAL BY DEFENDANT, JOSEPH P. THORNE

Defendant Thorne points out, and the State concedes, that the indictment against him in Case No. 75CR3585, which was returned as a true bill on 15 April 1975, was dismissed by the

trial court on motion of defendant prior to arraignment. For that reason the judgment entered in that case must be vacated.

[5]   In Cases No. 75CR3584B and 3579, in which Thorne was charged with aiding and abetting Austin in making felonious sales of controlled substances to Agent McDaniel on 9 January 1975, there was no evidence to show that Thorne was physically present, that he gave any encouragement, or that he did anything else to assist or encourage Austin in making those sales. Indeed, the State's entire case against Austin was predicated on the theory that his pharmacist, Thorne, was *not* present when those sales were made. Thorne's motions for dismissal of those cases should have been allowed.

[6]   In Case No. 75CR5423, in which Thorne was charged with feloniously and intentionally furnishing false and fraudulent information, the State also failed to present evidence sufficient to warrant submission of the case to the jury. The State's own handwriting expert testified that he was unable to identify any of the entries on the records as having been written by Thorne. There was no evidence from which the jury could find Thorne guilty of the offense charged.

The result is:

As to defendant, Jack P. Austin:

In Case No. 75CR5405, the judgment is vacated.

In Cases Nos. 75CR3586B, 3588B, and 3589B, defendant is entitled to a new trial.

As to defendant, Joseph P. Thorne, the judgments in all cases against him, being Nos. 75CR3584B, 3579, 3585, and 5423, are vacated.

Chief Judge BROCK and Judge ARNOLD concur.