[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1150 
The appellant was indicted for first degree murder. A jury found her guilty of manslaughter in the first degree and fixed her punishment at seven years' imprisonment. At trial and on appeal the appellant is represented by retained counsel.
Under the state's evidence the appellant killed Henry Patterson with a shotgun on Sunday morning, December 5, 1976. The homicide occurred at the home of the appellant and Patterson was found lying within a few feet of the front porch. Though no weapon was found on or near Patterson, a brick was found under the front porch.
In response to the state's evidence a strong case of self-defense was presented. The appellant had been dating Patterson for the past six to nine months prior to the shooting. Testimony for the defense revealed that Patterson had beaten the appellant on at least three occasions during this time, including earlier on the night of his death. Approximately one month before the homicide, the father of the appellant had shot Patterson in the leg because he was beating on the appellant and her pregnant sister and attempting to take some of their clothes. The appellant testified that, shortly after she was brought home around 2:00 A.M. after a date with Patterson, he returned to her home in an intoxicated condition and demanded to be allowed to enter her house. He threatened to throw a brick through the window over the bed where the appellant and her seven year old son were sleeping and threatened to kill them. The appellant stated that she shot Patterson as he was climbing on her porch with some unidentifiable object in his hand. The defense also presented testimony to show that Patterson had a reputation for "beating on women" and for being a "knife toter".
The evidence of self-defense, though extensive, presented a question for the jury. Chunn v. State, Ala.Cr.App.,339 So.2d 1100 (1976).
 I
Initially, the appellant argues that it was error for the trial court to admit into evidence a tape recording of a statement given by the appellant because the recording did not contain the entire in-custody interview between the interrogating officer and the appellant. It is argued that, because the recording did not contain certain exculpatory statements made by the appellant to the officer before the statement was recorded, the entire statement is inadmissible. The exculpatory statements relate to the facts that the appellant allegedly told the officer in the pre-recording interview that Patterson was standing on the porch when she shot him instead of in the yard as the recording reveals, and that Patterson had beaten her on several occasions including earlier that night.
A confession is not rendered involuntary because it is not verbatim as related by the accused and is admissible if its transcription is substantially as related and affirmed by the accused. Dennison v. State, 259 Ala. 424, 66 So.2d 552 (1953);Blackburn v. State, 38 Ala. App. 143, 88 So.2d 199, *Page 1151 
cert. denied, 264 Ala. 694, 88 So.2d 205, vacated on other grounds, 354 U.S. 393, 77 S.Ct. 1098, 1 L.Ed.2d 1423 (1956).
If a part of a conversation is adduced in evidence by the state as proving the defendant's declarations or confessions of guilt, the defendant has the right to call for the whole of what was said in that conversation relative to the subject matter of the issue. Chambers v. State, 26 Ala. 59 (1855);William v. State, 39 Ala. 532 (1865); Mullis v. State, 258 Ala. 309, 62 So.2d 451 (1953). The accused is entitled, on cross examination, to bring out all that he said, at the same time and on the same subject. Parke v. State, 48 Ala. 266 (1872).
However, the rule which frowns upon incomplete confessions is designed to cover cases where an accused, after admitting commission of the criminal act, is prevented from going further and saying anything which might explain or justify his act.William, supra; United States v. Wenzel, 311 F.2d 164 (2nd Cir. 1962); see generally 29 Am.Jr.2d 586, Evidence, § 535. No such situation exists in this case for the appellant was permitted to examine the officer as to the remainder of the confession which contained exculpatory statements concerning the shooting. See Westbrook v. State, Tex.Cr.App., 522 S.W.2d 912 (1975).
We know of no rule which would require a written or recorded confession or statement to contain the entire conversation between the accused and the person to whom the confession was made. State v. Sheffield, 232 La. 53, 93 So.2d 691 (1957);State v. Lantzer, 55 Wyo. 230, 99 P.2d 73 (1940). A confession should be considered in its entirety. If the state introduced into evidence only a portion of an alleged confession, a defendant is entitled to introduce the remainder of what was said to and by him, including any exculpatory statements which would bear upon the matter in controversy. Furthermore, where an accused has been interrupted or otherwise prevented from completing his confession, that confession is not admissible in evidence. State v. Kearns, 25 N.C. App. 445, 213 S.E.2d 358
(1975).
These rules were not violated in this case. The appellant was permitted to prove the entire conversation and every exculpatory remark made by her at that time both in the cross examination of the state's witnesses and in her own testimony. For these reasons the admission of the confession was not error. McCray v. State, 37 Ala. App. 661, 74 So.2d 487, reversed on other grounds, 261 Ala. 275, 74 So.2d 491 (1954), provides ample precedent for our decision.
 II
The appellant correctly asserts that the prosecution may not take the initiative, in its case in chief, to introduce any kind of evidence as to the accused's evil character, disposition, or reputation in order to establish probability of guilt. Gamble, McElroy's Alabama Evidence, 3rd ed., p. 48, § 27.02 (1). However in the case under review, the witness only testified that she knew the general reputation of the appellant in the community. There was no testimony of the general bad character of the appellant and the witness was not even asked this specific question.
Moreover, the trial judge indicated that the jury did not understand this matter and ascertained from each juror that they could put the matter "completely our of their mind and not consider this in any way in reaching a verdict". Because the prosecutor did not attempt to elicit any response from the witness regarding the bad general reputation of the appellant and because of the curative action of the trial judge, we find no cause for error.
 III
After the appellant testified, an officer of the Sylacauga Police Department was recalled for cross examination by defense counsel when the following occurred:
 "Q. Let me ask you this, do you know or think that you know this ladies, the Defendant's reputation in which she lived prior to this alleged homicide on the fourth day or fifth day of December, 1976? *Page 1152 
"MRS. LOVE: I object to that your Honor.
 "Q. Do you know her general reputation prior to this — (interrupted)
"A. I had arrested her.
"Q. Alright.
 "MRS. LOVE: I object to that. We have not placed her reputation in issue. That is not proper response to that question but is relating a specific event which is objectionable and we make a motion for a mistrial.
"Q. Well we don't — (interrupted)
"THE COURT: I didn't hear his statement.
"MRS. LOVE: I think that the Jury did.
 "THE COURT: Okay, when I am talking please don't interrupt me. I did not hear the response because the lawyer and the Witness were both talking. Now give the attorney the opportunity to make the objection. Now then ask the question again and let's start over.
 "Q. Do you know or think you know Mrs. Sandra Vinson King's general reputation in the community that she lived prior to this Saturday night going over into Sunday morning the day of this alleged homicide in Sylacauga, Alabama?
"MRS. LOVE: And I renew my objection your Honor.
"Q. That calls for just a yes or no.
"A. No, Sir.
 "Q. He does not know it so there is no more questions.
 "MRS. LOVE: As far as I am concerned may this Witness be excused, I have no further questions."
The appellant maintains that the trial court's failure to rule on the motion for a mistrial constitutes error.
It is apparent from the record that the answer furnishing a basis for the motion for a mistrial was unresponsive and uninvited; that the trial judge did not hear that answer; that defense counsel did not inform the court of what the answer was; and that defense counsel did not request a ruling from the court on her motion for a mistrial. There is no evidence before this court which would support any allegation that the trial judge either refused or declined to rule on the motion. Indeed, when the motion was made, the trial judge, not having heard the answer of the witness, had nothing to rule on. The trial judge could not have made any intelligent ruling on a properly framed question which evoked an unresponsive answer where he did not hear the answer and the objecting party did not make it known to him.
Because the function of a reviewing court is to review only rulings made by the trial court on questions brought to its attention and passed on by it, the absence of an adverse ruling precludes review by this court in the absence of a refusal or denial by the trial judge to rule on the objection. 7 Alabama Digest, Criminal Law, 1045.
 IV
The appellant testified that she knew that Patterson, the deceased, was in the habit of carrying a knife. However when defense counsel attempted to elicit the general reputation of the deceased for being a "knife toter", the trial judge sustained the objection of the state. This was error, for the appellant having testified that she knew the habit of the deceased was entitled to show that the deceased was in the habit of carrying weapons. Vander Wielen v. State, 47 Ala. App. 108, 251 So.2d 240, cert. denied, 287 Ala. 742, 251 So.2d 246
(1971); Frazier v. State, 48 Ala. App. 210, 263 So.2d 511, cert. denied, 288 Ala. 743, 263 So.2d 516 (1972).
However, in view of the fact that defense counsel elicited this same testimony from another witness, we find that the error was harmless. Bankhead v. State, 33 Ala. App. 269,32 So.2d 814 (1948), established the rule that in a prosecution for homicide where the defendant pleads self-defense, the early refusal to admit proof of the deceased's reputation for carrying a deadly weapon constitutes harmless error where such proof is later permitted. *Page 1153 
 V
In charging the jury the trial judge used the terms "confession" and "alleged confession" four times in one sentence. Defense counsel excepted to the charge and moved for a mistrial on this ground. The trial judge then promptly brought the jury back in the courtroom; instructed them to disregard his prior statement using the words "alleged confession"; gave them a new charge using the words "alleged statement"; and polled each member of the jury as to whether he could disregard his prior statement. This cured any defect which could have possibly prejudiced the appellant. Gavin v.State, 52 Ala. App. 469, 294 So.2d 169, cert. denied, 292 Ala. 722, 294 So.2d 170 (1974); Woods v. State, Ala.Cr.App.,344 So.2d 1225 (1976), cert. denied, Ala., 344 So.2d 1230 (1977).
We have reviewed the record in this case and it is our opinion that the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.