SAM W. TAYLOR, Judge.
James H. Hoyett, who was convicted of possession of a short-barreled shotgun and sentenced to five years’ imprisonment, asserts two grounds on this appeal: He challenges the chain of custody of the shotgun and he challenges remarks made by the prosecution during summation.
I
Section 13A-11-63, Code of Alabama 1975, states in pertinent part that:
“A person who possesses, obtains, receives, sells, or uses a short-barreled rifle or a short-barreled shotgun is guilty of a Class C felony.... ”
Section 13A-11-62, defines a short-barreled shotgun as a shotgun with a barrel less than 18 inches in length and it defines a short-barreled rifle as being one with a barrel less than 16 inches in length. The appellant in this case was also charged with possession of a shotgun whose manufacturer’s number or other identification had been changed, altered, removed, or obliterated in violation of § 13A-11-64. At trial, the state nol-prossed the latter charge.
State’s evidence tended to show that Officers Ware and Berry responded to a call regarding a man with a shotgun. They observed the appellant, Mr. Hoyett, leaving a “shot house” on “R” Street in Alexander City, Alabama. When appellant Hoyett recognized the police car, he threw the gun over in the bushes. The gun was immediately retrieved from the bushes by the officers and taken into custody along with appellant.
The weapon in question was sawed off to a length of 13V4 inches. In addition serial numbers had been filed away one-half inch above the loading point of the gun and one inch and a half below the pump portion on the underside. At trial, the officers testified that the gun had been locked up in the evidence locker at the police station, to which several officers had the keys, since that time. After Officer Ware testified that the weapon was the same one and in the same condition as it had been wjhen he got it, the court admitted the gun into evidence. Officer Berry’s testimony was to the same effect. The defense was a general denial.
The appellant contends that proof of a chain of custody is essential to the introduction of an object into evidence, citing as his authority, Alabama Criminal Trial Practice, Chiarkas, Sec. 20 — 44 p. 250 (1981). Appellant relies heavily on Mauldlin v. State, 402 So.2d 1106 (Ala.Cr.App.1981), which clearly sets out the law concerning chain of custody. Applying those rules to this instance, however, fails to bring us to the conclusion urged by appellant. The evidence in this case as to the identity and condition of the shotgun was that it was the same gun and had been kept under lock and key in the evidence locker shared by Officer Ware and two other officers. This object was readily identifiable because of the unique alterations made in its condition— the sawing off of the barrel and the filing off of the serial numbers.
The object of the inquiry into the chain of custody is to seek to establish a reasonable probability that the object is not substantially different from the way it was at some point in the past. In very few cases can it be demonstrated that there is no possibility of tampering with the evidence. The trial court in this case found that there was reasonable probability that the shotgun in question was the same as it was when seized by Officer Ware on July 16, 1982. We see no reason to treat this as error.
II
At trial, the following occurred:
*1065 “Q: All right. Now, if you would, Officer Ware, if you would take this shotgun and show me where I think — I believe you said the serial number had been removed. If you would, please show me where that had been removed, please, sir.
“A: Right there.
“Q: Right there.
“THE COURT: For the record, I think it would be well to state in words a description of the point on a weapon that’s been indicated.
“Q: Officer Ware, if you would, describe for the court and the court reporter where the serial number had been obliterated on this weapon.
“A: Right where it’s been filed. That’s where they usually are.
“Q: Are you indicating this spot right here?
“A: That’s right.
“MR. ANDERTON: For the record, let us state that the serial number apparently has been filed away some half an inch above the loading point of this weapon and approximately an inch and a half below the pump portion of the weapon on the underside of the weapon.
“THE COURT: Ladies and gentlemen of the jury, I’m going to instruct you that what counsel says is not evidence in this case. The statement just made by counsel was simply attempting on his part to state for the record the point on the weapon that had been indicated.
“MR. DENSON: We move for a mistrial ...”
We feel the foregoing statement by counsel was a result of a misunderstanding by the witness of the instructions by the court to describe the place on the weapon where the serial numbers were obliterated. If the remarks were improper, the impropriety was dispensed with by the court’s immediate curative instruction.
In summation, the deputy district attorney stated, “I will submit to you if ya’ll come back with a verdict of not guilty of possession of a short-barreled shotgun, that this man is going to walk out and do it again. Lock your door, cover your head.” An objection to this was sustained and the court immediately directed the jury to disregard the remark. This prompt action by the court served to eradicate any prejudicial effect. In Woods v. State, 344 So.2d 1225 (Ala.Cr.App.1976), writ quashed, 344 So.2d 1230 (Ala.1977), this court stated:
“If the trial court acts promptly to impress upon the jury that improper questions and improper statements are not to be considered by them in their deliberation the prejudicial effect of such remarks is removed. Gavin v. State, 52 Ala.App. 469, 294 So.2d 169; White v. State, 40 Ala.App. 378, 114 So.2d 325; Sparks v. State, 37 Ala.App. 631, 75 So.2d 96; Pelham v. State, 23 Ala.App. 359,125 So. 688.”
Accordingly, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.