STATE OF NORTH CAROLINA v. COLETTE MOSCITA BARNES

No. 938SC635

(Filed 6 September 1994)

1. **Evidence and Witnesses § 1235 (NCI4th)— accessory to murder—incriminating statements—no custodial interrogation**

   The trial court in a prosecution in which defendant was convicted of being an accessory to murder correctly concluded that defendant's incriminating statement to officers was made voluntarily where she was never taken into custody or deprived of her freedom; she was not under arrest; officers had told her that she was free to leave at any time and that they were interviewing her as a witness; defendant went to the bathroom unescorted, indicating that she could have left the sheriff's office had she wanted to do so; after the interview, the officers told her that they wanted to talk to her again; although she later spoke to an attorney who advised her not to talk to the officers, she nevertheless drove to the sheriff's office by herself and spoke to the officers; at the con-

clusion of this interview, defendant left the sheriff's department unescorted; during neither interview did defendant, who has completed a couple of years of college, request an attorney or indicate that she did not want to talk to the officers; and there is no evidence that the officers made promises to defendant or coerced her in any way.

**Am Jur 2d, Criminal Law §§ 793, 794; Evidence § 749.**

**What constitutes "custodial interrogation" within rule of *Miranda v. Arizona* that suspect be informed of his federal constitutional rights before custodial interrogation. 31 ALR3d 565.**

**2. Homicide § 369 (NCI4th)— murder—accessory after the fact—evidence sufficient**

There was sufficient evidence to deny defendant's motion to dismiss a charge of accessory after the fact to first-degree murder where the evidence showed that defendant assisted Vick in escaping detection and arrest and that she knew that Vick had committed the murders.

**Am Jur 2d, Homicide § 445.**

**3. Evidence and Witnesses § 1357 (NCI4th)— accessory to murder—confession—introduced by defendant—admitted in part**

The trial court did not err in a murder prosecution in which defendant was convicted of being an accessory by admitting only a portion of defendant's confession where defendant offered the statement into evidence rather than the State, the judge excluded portions of the statement which he found to be immaterial and irrelevant, and defendant made no showing to the contrary.

**Am Jur 2d, Evidence § 712.**

**4. Criminal Law §§ 33,786 (NCI4th)— accessory to murder—compulsion, duress, and coercion—instructions—no error**

The trial court properly instructed the jury as to compulsion in accordance with *State v. Kearns*, 27 N.C. App. 354, where the defense initially requested that the judge instruct the jury as to coercion or duress and counsel for defendant withdrew the request after the State asked the court to give the instruction in accordance with *Kearns*.

**Am Jur 2d, Criminal Law § 148; Trial § 1259.**

Coercion, compulsion, or duress as defense to criminal prosecution. 40 ALR2d 908.

5. **Criminal Law § 1140 (NCI4th)— accessory after the fact to murder—aggravating factors—pecuniary gain—evidence insufficient**

The evidence was not sufficient to support the nonstatutory aggravating factor of pecuniary gain where defendant was convicted of being an accessory after the fact to murder where, although defendant testified that Vick, the principal, had contributed to her household by buying food and helping pay for her car, insurance, gas, child care, rent, and bills, there was no evidence showing that defendant's reliance upon Vick caused her to assist Vick in his escape. N.C.G.S. § 15A-1340.4(a).

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 21 October 1992 by Judge W. Russell Duke, Jr. in Wayne County Superior Court. Heard in the Court of Appeals 1 March 1994.

On 16 December 1991, defendant was indicted on two counts of first degree murder, violations of N.C. Gen. Stat. § 14-17 (1993), and two counts of accessory after the fact of first-degree murder, violations of N.C. Gen. Stat. § 14-7 (1993). A jury found her not guilty of the murder charges but convicted her of two counts of accessory after the fact to two murders, first, of Rasean Lamonte Rouse and, second, of Vanessa Rouse Craddock. Defendant appeals from judgments imposing two consecutive ten-year sentences.

*Attorney General Michael F. Easley, by Assistant Attorney General Anita LeVeaux Quigless, for the State.*

*Louis Jordan for defendant-appellant.*

McCRODDEN, Judge.

Defendant assigns error to the trial court's (1) denial of her motion to suppress statements she made to law enforcement officers, (2) denial of her motion to dismiss the accessory after the fact charges, (3) admission into evidence of only portions of one of her statements, (4) instructions concerning compulsion, and (5) use of pecuniary gain as an aggravating factor. We find that defendant's trial was free of prejudicial error but that there was error in sentencing for which we must remand the case.

The State's evidence tended to show that at about 9:00 p.m. on 24 June 1987, Officer Cary Aaron Winders, with the Goldsboro Police Department, received information that a child was bleeding severely on Fifth Street. Upon arriving at Fifth Street, Officer Winders found the body of a small boy (later identified as Rasean Rouse, a seven-year-old boy), lying on the steps to an apartment and covered in blood. The officer learned that the boy's mother, Vanessa Craddock, was inside the apartment. As he entered the apartment, he noticed bloody footprints on the sidewalk and the door steps. Inside, he found the body of Vanessa Craddock who had been shot.

Results of autopsies showed that Vanessa Craddock died as a result of four gunshot wounds to her head and that her son died as a result of a gunshot wound to his head. Both victims were shot at close range. Rasean appeared to have walked between 75 and 100 feet from his house to the sidewalk after he was shot.

Defendant provided statements to law enforcement officials on 27 June 1987, 5 June 1991, and 19 June 1991. At trial, she recanted her statements of 5 and 19 June, when she had stated that her boyfriend, Earl Vick, was the perpetrator of the murders. She described those statements as parts of a script that detectives had forced her to read, and she said that she read the scripts because she was afraid.

I.

[1]  Defendant first contends that the lower court should have suppressed two incriminating statements because she made them during an improper custodial interrogation. She asserts that "[t]here is no credible evidence that [she] voluntarily gave any statement to law enforcement officials."

The interviews defendant challenges took place with the Goldsboro Police Department on 5 and 19 June 1991, when she told detectives that Earl Vick had killed the victims. At that time, she stated that she and Vick went to Vanessa Craddock's apartment on 24 June 1987, to find out whether Craddock wanted to play cards. Craddock did not want to play cards so she and Vick left Craddock's apartment between 8:35 p.m. and 8:45 p.m. to go to Joyce Loftin's house. However, they did not go directly to Loftin's house. When they reached the corner of Wayne Memorial Drive and Stronach Avenue, defendant, who was driving, turned around to go back to Craddock's apartment because Vick said that he had forgotten his hat.

**STATE v. BARNES**

[116 N.C. App. 311 (1994)]

Defendant reported that, after returning to Craddock's apartment, Vick told her to remain in her car and he went into Craddock's apartment. Defendant heard five or six loud "pops," and then Vick ran out of the apartment, got in the car, and ordered her to drive away. While backing out of the parking space, defendant saw a small child coming toward the car from the direction of Craddock's apartment. She also noticed blood on Vick's tennis shoes. Defendant ignored the child and drove away as quickly as possible. Vick warned her not to say anything about what had happened or he would kill her.

Defendant further recounted that as soon as they arrived at Joyce Loftin's house, Vick went into the bathroom, where he used the bathroom sink and shower.

Custodial interrogation is "questioning *initiated by law enforcement officers* after a person has been taken into custody or otherwise deprived of his freedom . . . ." *State v. Thomas*, 284 N.C. 212, 216, 200 S.E.2d 3, 7 (1973). We believe that defendant was not subjected to custodial interrogation because the record reveals that she was never taken into custody or deprived of her freedom. During the 5 and 19 June interviews, defendant was not under arrest; officers had told her that she was free to leave at any time and that they were interviewing her as a witness. During the 5 June interview, defendant went to the bathroom unescorted, indicating that she could have left the sheriff's office had she wanted to do so. After the interview, the officers told her that they wanted to talk to her again. Although she later spoke to an attorney, who advised her not to talk to the officers, she nevertheless drove to the sheriff's office by herself and spoke to the officers on 19 June. At the conclusion of this interview, defendant left the sheriff's department unescorted.

During neither interview did defendant, who has completed a couple of years of college, request an attorney or indicate that she did not want to talk to the officers. There is no evidence that the officers made promises to defendant or coerced her in any way. We consequently find that the evidence from the record supports the trial court's conclusion that defendant made the 5 and 19 June statements voluntarily and its denial of the motion to suppress. We overrule defendant's assignment of error.

## II.

[2] Defendant next challenges the trial court's refusal to dismiss the charges of accessory after the fact to the first-degree murders of

Vanessa Craddock and her son, arguing that there was insufficient evidence to support the charges. In order to convict defendant of being an accessory after the fact to the murders, the State must prove that: (1) Vick, the principal, committed the murders; (2) defendant gave personal assistance to Vick to aid in his escaping detection, arrest, or punishment; and (3) defendant knew that Vick committed the felonies. *See* N.C.G.S. § 14-7; *State v. Duvall*, 50 N.C. App. 684, 275 S.E.2d 842, *rev'd on other grounds*, 304 N.C. 557, 284 S.E.2d 495 (1981).

"[W]here there is insufficient evidence to convict a specifically named principal defendant of the crime charged, another person may not be convicted of aiding and abetting him." *State v. Austin*, 31 N.C. App. 20, 24, 228 S.E.2d 507, 510 (1976). The evidence in the instant case, viewed in the light most favorable to the State, *State v. Turnage*, 328 N.C. 524, 530, 402 S.E.2d 568, 572, *cert. denied*, 330 N.C. 200, 412 S.E.2d 64 (1991), demonstrates that the State presented sufficient evidence of the remaining elements of accessory after the fact to withstand a motion to dismiss. The evidence as we have summarized it above shows that defendant assisted Vick in escaping detection and arrest and that she knew that Vick had committed the murders. From such evidence a jury could certainly infer that defendant was an accessory after the fact to the murders of Craddock and Rouse. Therefore, the trial court properly denied defendant's motion to dismiss.

III.

**[3]**  Defendant next contends that the trial court erred in allowing into evidence only portions of her statement of 27 June 1987, rather than the entire statement. The record reflects that the trial court excluded a portion of her statement in which she referred to several men whom she had seen at Craddock's apartment prior to the day that Craddock was shot.

Defendant argues that a "confession should be considered in its entirety; and if the State introduces into evidence only part of an alleged confession, a defendant is entitled to introduce the remainder of what was said to and by him, including any exculpatory statements which would bear upon the matter in controversy." *State v. Kearns*, 25 N.C. App. 445, 447, 213 S.E.2d 358, 360 (1975). The facts in this case are distinguishable from those in *State v. Kearns*, however, because in that case, the State offered the defendant's confession into evi-

dence and the court ruled that the defendant was entitled to have her entire confession admitted into evidence.

In the case at hand, defendant, rather than the State, offered her statement into evidence. The judge excluded portions of the statement because he found them to be immaterial and irrelevant, and defendant makes no showing to the contrary. We hold that the court properly excluded the immaterial and irrelevant portions of defendant's statement.

## IV.

[4] We also find that the trial court did not err in instructing the jury as to compulsion, duress, and coercion. At trial, the defense initially requested that the judge instruct the jury as to coercion or duress. After the State asked the court to give the instruction in accordance with *State v. Kearns*, 27 N.C. App. 354, 219 S.E.2d 228 (1975), *disc. review denied*, 289 N.C. 300, 222 S.E.2d 700 (1976), counsel for defendant withdrew the request for the instruction. We hold that the trial court properly instructed the jury as to compulsion in accordance with *State v. Kearns*.

## V.

[5] Finally, defendant claims that the trial court erred in finding as an aggravating factor that defendant committed the offense of accessory after the fact for pecuniary gain. The sentencing judge may "consider any aggravating . . . factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing . . . ." N.C. Gen. Stat. § 15A-1340.4(a) (Supp. 1993). Although pecuniary gain is not a factor enumerated in N.C.G.S. § 15A-1340.4, this section does not limit a trial judge to the aggravating and mitigating factors enumerated therein. *State v. Church*, 99 N.C. App. 647, 394 S.E.2d 468 (1990). The question whether to increase the sentence above the presumptive term remains within the trial court's discretion, and the sentence will not be disturbed if the record supports the court's determination. *State v. Ruffin*, 90 N.C. App. 705, 370 S.E.2d 275 (1988).

We determine, however, that the record does not support the court's conclusion that defendant committed the crimes for pecuniary gain. Although defendant testified that Vick had contributed to her household by buying food and helping pay for her car, insurance, gas, child care, rent, and bills, we find no evidence showing that defendant's reliance upon Vick caused her to assist Vick in his escape.

We conclude that the court erred in finding pecuniary gain as an aggravating factor.

In summary, we find no prejudicial error in defendant's trial. We remand the case for a new sentencing hearing.

No error in trial; remanded for resentencing.

Judges EAGLES and MARTIN concur.