HARWOOD, Justice
(dissenting).
Joseph Smith was convicted on September 16, 1998, of capital murder. The Court of Criminal Appeals affirmed his conviction and the sentence of death on May 26, 2000. Smith v. State, 795 So.2d 788 (Ala.Crim.App.2000). He petitioned this Court for certiorari review. This Court today denies that review. I respectfully dissent from that denial.
The first issue Smith presents in his certiorari petition concerns the trial court’s instructing the jurors that they could recommend a sentence of life imprisonment without parole only if they were convinced “beyond a reasonable doubt that the mitigating circumstances outweigh the aggravating circumstances.” I conclude that Smith properly presented this issue to this Court under Rule 39, Ala.R.App.P. Smith quotes language from Stewart v. State, 730 So.2d 1203 (Ala.Crim.App.1996), and from various other cases from the Court of Criminal Appeals (noted on pages 7 through 9 of his petition) that show a conflict between that court’s caselaw con *843 cerning the proper weighing of aggravating and mitigating circumstances and the law as the trial judge presented it to the jury in the instruction Smith challenges. The petition also alerts this Court to the fact that the instruction in question conflicts with the rationale of the holdings in Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), and Ex parte Martin, 548 So.2d 496 (Ala.1989), and with certain provisions of the death-penalty statute, particularly § 13A-5-48, Ala.Code 1975. The trial court’s instruction that the jurors could recommend life without parole only if they were convinced “beyond a reasonable doubt that the mitigating circumstances outweigh the aggravating circumstances” is plainly contrary to the requirements of the authorities Smith cited in his petition.
On page 8 of his petition, Smith (citing R.T. 847-48) quotes the following language from the trial court’s instruction:
“[I]f after a full and fair consideration of all of the evidence in this case you are convinced beyond a reasonable doubt that the mitigating circumstances outweigh the aggravating circumstances ... your verdict would be to recommend the punishment of life imprisonment without parole.”
(Emphasis added by Smith.) The Court of Criminal Appeals quoted that statement in its opinion, and it also quoted this further language from the instruction (referencing R.T. 848):
“All right. And to repeat, in order to return an advisory verdict of death by electrocution at least 10 of your number must be satisfied beyond a reasonable doubt that aggravating circumstances have been proven and outweigh mitigating circumstances. In order to return an advisory verdict recommending fife without parole at least 7 of your number must be satisfied beyond a reasonable doubt of the existence of mitigating circumstances and that those mitigating circumstances outweigh the aggravating circumstances.”
Smith v. State, 795 So.2d at 835 (emphasis added). I note that in this second statement, the judge committed the additional error of misstating the burden of proof for a mitigating circumstance. Moreover, that second statement not only fails to correct the earlier error — the statement that, in order to recommend a sentence of life without parole, the jury had to find beyond a reasonable doubt that the mitigating circumstances outweighed the aggravating circumstances — but that second statement could reasonably be understood to restate that earlier error.
The petition also notes that the trial court attempted to give a curative instruction, quoted by the Court of Criminal Appeals, 795 So.2d at 835, which included this passage:
“Only an aggravating circumstance must be proven beyond a reasonable doubt and the burden is always on the State of Alabama to convince you from the evidence beyond a reasonable doubt that such an aggravating circumstance exists and the burden is also on the State to prove to you beyond a reasonable doubt that the aggravating circumstance or circumstances, should you find that they exist, outweigh any mitigating circumstances which need only be proven by a preponderance of the evidence.”
(Emphasis supplied.) The Court of Criminal Appeals concluded that this instruction corrected the earlier error concerning the burden of proof relating to mitigating circumstances; it then held that the trial court had not committed reversible error. I believe the petition correctly notes that the trial court’s attempted cure of its error concerning the burden of proof relating to mitigating circumstances does not address the separate *844 error in the instruction that stated that the jury could recommend a sentence of life imprisonment without parole only if the jury found beyond a reasonable doubt that the mitigating circumstances outweighed the aggravating circumstances. Based upon the instructions quoted in the opinion of the Court of Criminal Appeals and pointed out by Smith in his petition, a reasonable jury might conclude that in order to recommend the death penalty it must determine that the aggravating circumstances outweigh the mitigating circumstances, whereas in order to recommend a sentence of life without parole, it must determine, beyond a reasonable doubt, that the mitigating circumstances outweigh the aggravating circumstances. I believe that, especially in a capital case, the trial judge should phrase any attempted curative charge in such a way as to alert the jury to the fact that the court had made a misstatement earlier and that the court is now giving an instruction intended to supplant and correct the earlier misstatement.
Misinforming the jury about the quantum of proof necessary to recommend a sentence of life without parole in a capital case is a significant error, and the critical issue raised by this petition is whether the trial court’s later statement of the law was sufficient to cure that error. My research does not reveal a hard-and-fast rule concerning what is required to cure an erroneous instruction in this context.[1]
It appears that Alabama courts have reviewed, on a case-by-case basis, the question whether attempted cures were sufficient to correct erroneous instructions, giving a practical consideration to the question whether the error “has or probably has adversely affected [a] substantial right of the appellant.” Rule 45A, Ala. R.App.P. For example, in Starks v. State, 594 So.2d 187 (Ala.Crim.App.1991), the Court of Criminal Appeals considered an error in the trial court’s jury charge concerning the distinction between the capital offense of intentional murder and the lesser included offense of felony murder. It described the trial court’s error and contrasted that error with the correct procedures:
“At the beginning of his charge, the trial judge read the indictment, which charged the appellant with intentional murder. Shortly thereafter, however, he discussed the elements of the charged capital offense using only the term ‘murder.’ He clearly did not include intent when enumerating the elements of the capital offense and stated that the term ‘murder’ would be defined later. Subsequently, when he did define the term ‘murder,’ he used both the intentional form found in [Ala.Code 1975,] § 13A-6-2(a)(l) and the felony murder form found in § 13A-6-2(a)(3). Immediately after providing this dual definition of ‘murder,’ the trial judge referred to the charged offense of *845 ‘murder occurring in the commission or attempted commission of a dangerous felon/ and then the ‘lesser included offense of murder.’ (Emphasis added.) The trial judge never instructed the jury that, in order to convict the appellant of the capital offense, it must find that he intentionally killed Benton. Furthermore, the trial judge failed to clearly distinguish the elements of the charged capital offense from those of the lesser included offense of felony murder. Compare Freeman v. State, 555 So.2d 196, 208 (Ala.Cr.App.1988) (‘the trial judge extensively instructed the jury on the difference between capital murder, felony murder, and intentional murder’), affirmed, 555 So.2d 215 (Ala.1989), cert. denied, 496 U.S. 912, 110 S.Ct. 2604, 110 L.Ed.2d 284 (1990); Davis v. State, 440 So.2d 1191, 1194 (Ala.Cr.App.1983) (trial court instructed jury on ‘the intent required for a capital felony, on the felony murder doctrine, and on the distinction between the intent required for a capital felony and the intent required for the lesser included offense of noncapital murder’), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770(1984); Womack v. State, 435 So.2d 754, 763 (Ala.Cr.App.) (‘[t]he jury was given proper instructions on the “intent to kill requirement” where trial court ‘made it clear to the jury that the felony murder doctrine was relevant only to the lesser included offense of noncapital murder, and that there could be no conviction for the capital offense absent a finding beyond a reasonable doubt that the appellant possessed the intent to kill’),’ affirmed, 435 So.2d 766 (Ala.), cert. denied, 464 U.S. 986, 104 S.Ct. 436, 78 L.Ed.2d 367 (1983). We note that a similar deficiency required the reversal of codefendant Russaw’s capital murder conviction. Russaw v. State, 572 So.2d 1288, 1292-93 (Ala.Cr.App.1990).”
594 So.2d at 193-94.
• The court in Starks then addressed the State’s argument, made in reliance on Bui v. State 551 So.2d 1094 (Ala.Crim.App.1988), that the trial court’s error was cured by a later instruction concerning the definition of “intentional murder.” The court concluded that the charge defining “intentional murder” did not cure the earlier error because it did not adequately address the element of intent required to prove capital murder. Similarly, the trial court’s later instruction in this present case — that to recommend the death penalty the jury must find that the aggravating circumstances outweigh the mitigating circumstances — did not adequately address the earlier error concerning when a jury could recommend a sentence of life without parole. The trial court’s curative instruction in this case did not specifically note and address the earlier error, and it did not explicitly correct that error. In addition to Starks, I would note Ex parte Hamilton, 396 So.2d 123 (Ala.1981)(hold-ing that a single curative charge was not sufficient to cure the error resulting from three separate misstatements of the quantum of evidence that the jury was to consider in reaching its verdict), and Reed v. State, 47 Ala.App. 617, 259 So.2d 304 (1972)(holding that a charge telling the jury that the defendant had the burden of explaining his lawful possession of allegedly stolen property was not cured by a general instruction telling the jury that the State had the burden of proving guilt beyond a reasonable doubt).
As an example of a proper cure of an erroneous instruction, I note King v. State, 355 So.2d 1148 (Ala.Crim.App.1978), where the trial court cured an erroneous reference to a “confession” by explicitly instructing the jury to disregard that reference, stating the correct instruction, and *846 polling the jury. The trial court in the instant case took no action comparable to the trial court’s action in King. I consider the situation in this case more analogous to the situation in. Starks, supra, where the trial court gave a plainly erroneous instruction concerning a critical aspect of the jury’s duty, and a subsequent curative instruction was at best confusing and failed to correct the error. Accordingly, I believe this Court should issue the writ of certiorari to consider more fully Smith’s argument regarding the erroneous jury instructions:
LYONS and WOODALL, JJ., concur.

. For example, if this were the admittedly different situation in which the trial court had attempted to cure a prosecutor’s improper comment on the defendant’s refusal to testify, this Court would require that the trial court "sustain the [defendant's] objection and immediately instruct the jury as to the impropriety of the remark made by the district attorney," and it has stated that "[i]n giving a curative instruction on the defendant's right not to testify, the trial judge should read the statute and explain thoroughly and immediately to the jury that the defendant's failure to testify in his own behalf shall not create any presumption against him.” Ex parte Wilson, 571 So.2d 1251, 1265 (Ala.1990). See also Whitt v. State, 370 So.2d 736 (Ala.1979); Bailey v. State, 717 So.2d 3 (Ala.Crim.App.1997); and Lockett v. State, 505 So.2d 1281 (Ala.Crim.App.1986). Of course, the trial court's actions in this case would fall far short of meeting any comparable requirements that might be imposed in a case like the present one.